## DAVIS v. DECKER BROS. CO.

No. 14132—Opinion Filed July 10, 1923.

Rehearing Denied Sept. 25, 1923.

**1. Principal and Agent—Proof of Agency.**

Agency is never presumed, but is a question of fact to be proven, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency.

**2. Appeal and Error—Questions of Fact—Findings.**

"Where a case is tried to the court without a jury, the finding of the court upon disputed questions of fact will be given the same weight and effect as the verdict of a jury, and where reasonably supported by evidence, the same will not be disturbed in the Supreme Court." Hartley v. Riley, 85 Okla. 101, 204 Pac. 920.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from County Court, Grant County; J. E. Falkenberg, Judge.

Action between Mrs. Sam C. Davis and the Decker Bros. Company for possession of personalty. Judgment for the latter, and Mrs. Davis brings error. Affirmed.

Sam P. Ridings, for plaintiff in error.

J. B. Drennan, for defendant in error.

Opinion by THREADGILL, C. This case presents a controversy over the title and ownership of a player piano. The plaintiff, C. M. Byrd, brought the suit in the county court and obtained an order of attachment against the defendant, Decker Brothers Company, a corporation, a nonresident of the state, and the piano was taken under the said order, the plaintiff claiming that the defendant was indebted to him in the sum of $685.

Mrs. Sam C. Davis came into the court as interpleader in the case, claiming that the player piano attached was her property for the reason she had a transaction with C. M. Byrd, as the agent of the company, in which she exchanged a piano she had for a player piano from the defendant company, paying a difference of $185, and this piano not being altogether satisfactory, she had another transaction with the C. M. Byrd, as the agent of said company, in which he took up the said player piano and receipted her for same, as agent of Decker Brothers, and agreed to dispose of this instrument and order another for her from the company that would be more satisfactory and without any extra charges to her, and that instrument which had been attached in the suit of the plaintiff was the player piano which was ordered for her under her agreement with the said C. M. Byrd.

The company denied the indebtedness claimed by the plaintiff, and stated that the plaintiff was indebted to it, and it further denied that the plaintiff was its agent in any of his transactions in the sale of pianos, and especially denied the agency of plaintiff in his transaction with the interpleader.

After the issues were joined the action was dismissed as to the plaintiff and the issues between the interpleader and the defendant were tried to the court without a jury on the 9th day of February, 1922, and resulted in a judgment in favor of the defendant. From the said judgment the interpleader, as plaintiff in error, has appealed to this court with petition in error and case-made for review.

The plaintiff in error contends that the said C. M. Byrd was the agent for Decker Brothers in taking the player piano she had bought from the company through him and in receipting for same as such agent and agreeing to replace it with a more satisfactory instrument.

The defendant in error contends that the said Byrd was not its agent in said action and the player piano attached was not shipped to take the place of the one taken up by the said C. M. Byrd without being paid for according to the draft and bill of lading attached.

The question for determination is the question of whether or not C. M. Byrd was the agent of the defendant in error, Decker Brothers Company, in the transaction with the interpleader. If Byrd was such agent, the plaintiff in error is entitled to the

possession of the piano and if Byrd is not such agent, the defendant in error is entitled to the property.

1. Agency is never presumed, it is a question of fact to be proved by the party alleging the agency, and the acts and declarations of an agent are not sufficient within themselves to establish the question of agency. Okla. Automobile Co. v. Benner, 70 Oklahoma, 174 Pac. 567; Thorp Oil & Specialty Co. v. Holmes Oil Refining Company, 79 Okla. 225, 192 Pac. 584: R. P. Smith & Sons Co. v. Raines Dry Goods Co., 37 Okla 39, 130 Pac. 133.

2. There was a great deal of testimony introduced on the question of agency in the trial of the case. It was shown that Byrd claimed to be the agent of the company and that he sold its pianos, and in one transaction, with the firm of Estes, made settlement with them for the company, and that he used its catalogues in taking orders for pianos, and there was a great deal of correspondence introduced in evidence on this question and depositions that were taken by the defendant; and, as we view it, the proof of agency, on the part of the plaintiff, was very vague and uncertain and in conflict with the positive denials of defendant, and the trial court having heard all this testimony and having passed on it in favor of the defendant and the testimony being conflicting, this court is not authorized to disturb the finding and judgment of the court based upon this testimony. Gayer v. Pearce, Adm'r, 86 Okla. 102, 206 Pac. 822; Hartley v. Riley, 85 Okla. 101, 204 Pac. 920.

We have read the briefs of the parties and studied the entire record, and especially the testimony of the witnesses, and we cannot say that the trial court committed error in passing on this testimony adversely to the plaintiff in error. We feel that she was imposed upon by C. M. Byrd; he is the wrongdoer, and he should be made to respond in damages to her, but when she dealt with him as agent of the company and upon his representation that he was such agent, she dealt a hand at her peril. McDonnell v. Strawn, 78 Okla. 271, 190 Pac. 558. And there is no remedy in this court for the wrong she sustained, when the record has been made and the trial court has settled the conflicting questions of fact against her and in favor of the defendant in error The judgment is affirmed.

By the Court: It is so ordered.