## COMMERCE FURNITURE & UNDERTAKING CO. et al. v. WHITE SEWING MACHINE CO.

No. 12566—Opinion Filed Jan. 15, 1924.

**1. Sales—Action for Price—Damages as Set-Off—Evidence.**

Where damages on account of breach of contract are claimed and pleaded as a set-off and defense to an action for goods sold and delivered, and it is claimed that the contract was made in writing by the traveling salesman of the plaintiff, the defendants, in order to make the contract competent evidence and binding upon the plaintiff, must show the authority of the salesman to make the contract for the company.

**2. Principal and Agent—Authority of Traveling Salesman.**

The purpose for which a traveling salesman is employed is to solicit orders and make sales of goods. Unless he is specially authorized to do so, he has no implied authority to do any act other than is usually done by other salesmen of like character, that is, to do those things and make those agreements which are necessary and usual to accomplish the purpose of this agency. Being employed for one purpose, he has no authority to do another, either actual or implied. U. S. Bedding Co. v. Andre (Ark.) 150 S. W. 413.

**3. Principal and Agent—Proof of Agency.**

Agency is never presumed, but is a question of fact to be proved, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency. Davis v. Decker Bros. Co., 92 Okla. 177, 218 Pac. 518.

**4. Same — Duty of Persons to Ascertain Scope of Agency.**

It is incumbent upon a person dealing with an alleged agent to discover at his peril whether the assumed agency be general or special, that such pretended agent had

authority, and that such authority is in its nature and extent sufficient to permit him to do the promised act. McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by White Sewing Machine Company, a corporation, against Commerce Furniture & Undertaking Company et al. Judgment for plaintiff. Defendants bring error. Affirmed.

W. R. Chestnut, for plaintiffs in error.

Kornegay & Probasco, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by the plaintiffs in error, defendants below, from a judgment of the district court of Ottawa county in favor of defendant in error, plaintiff below, and for convenience the parties will be considered as they were there.

The facts were substantially as follows:

In 1917, the defendants were in the furniture and undertaking business in Ottawa county and the plaintiff was a corporation of Cleveland, Ohio. In June and October of that year the defendants, through a traveling salesman of the plaintiff, gave two written orders for White sewing machines, which were sent in to the company and approved by the company and aggregating the sum of $2,158.33. The payments were to be made by installments, and by August 1, 1919, the defendants had paid $1,321.22, leaving a balance due, including interest, of $936. The orders were made out according to the written forms of the company, and the last provision in the form was as follows:

"There is no understanding or agreement of any nature whatsoever between the company and the undersigned as to these machines except such as is embraced in this written order which contains all the terms and orders upon which the same is given."

In the fall of 1917, a woman by the name of Stowers came down from Kansas and put the same sort of machines on the market for $35 each. There is no testimony to show her connection with the plaintiff; about the same time some other person sold the same machines in the county at $35 retail.

The defendants failed to pay the balance due, and the plaintiff brought this action.

The defendants answered, admitting all the facts alleged in the plaintiff's petition, and by cross-petition pleaded a written contract between J. C. Moffitt, the traveling salesman for the plaintiff, and the defendants, which they claim was made at the same time and just before the first order for machines was given, and which they say had been lost, but the substance of the contract was that the defendants were to have the exclusive right to sell the White sewing machines in Ottawa county and the price should be $75 retail; that the plaintiff had breached the said contract and permitted other persons to sell the machines in said county at $35 retail and they were forced to sell 58 machines at the same price, causing a loss to them of $2,320, and they asked that the plaintiff's claim be set off by this loss, and that they have judgment against the plaintiff for the difference in the sum of $1,383.95, with six per cent. interest from January 1, 1919. The plaintiff filed reply, consisting of general and special denial and pleading the orders given by the defendants. On January 25, 1921, these issues were tried to a jury, the defendants assuming the burden of proof, and at the close of the defendants' testimony the court sustained a demurrer to the evidence and directed a verdict for the plaintiff for the amount sued for, and defendants appeal by petition in error and case-made, and urge this breach of contract as the one ground for setting the judgment aside and granting a new trial.

We do not think there is any merit in this appeal. The testimony fails to show that the traveling salesman, Moffitt, had any authority to make the contract claimed by the defendants. The fact that a traveling salesman has authority to take orders for the company does not empower him to make contracts outside of the scope of his expressed authority.

In United States Bedding Company v. Andre, 150 S. W. 413, the Supreme Court of Arkansas states the well-known rule in the commercial world as follows:

"The purpose for which a traveling salesman is employed is to solicit orders and make sales of goods. Unless he is specially authorized to do so, he has no implied authority to do any act other than is usually done by other salesmen of like character, that is, to do those things and make those agreements which are necessary and useful to accomplish the purpose of the agency. Being employed for one purpose he has no authority to do another either actual or implied."

In Davis v. Decker Brothers Company, Okla. 177, 218 Pac. 518, we have this rule by this court:

"Agency is never presumed, but is a question of fact to be proved, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency."

And in McDonald v. Strawn, 78 Okla. 271, 190 Pac. 558, we have this rule:

"It is incumbent upon a person dealing with an alleged agent to discover at his peril whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act."

The defendants contend that the two contracts—the contract for exclusive territory and the order contract—should have been considered and construed together, but defendants are not in a position to urge this contention until they first prove the contract they claim for exclusive territory.

We have examined the evidence carefully, and there is no testimony in this record establishing this contract. It is not enough that the defendants state that the traveling salesman of the company gave them a written contract, witnessed by a bystander, that they should have the exclusive right to sell the White sewing machines in Ottawa county, but to make out the case and qualify the contract as competent testimony and binding upon the plaintiff, the authority of the salesman must be shown, and in this respect the defendants failed, and the defense and construction based upon the alleged contract failed also. It is not necessary to discuss any of the other questions raised by the testimony and argument of counsel under this phantom contract. The court was right in sustaining the demurrer to the defendants' evidence and directing a verdict in favor of the plaintiff.

The judgment should be affirmed.

By the Court: It is so ordered.