## REED v. ANDERSON.

No. 17726. Opinion Filed Oct. 4, 1927.

(Syllabus.)

1. **Principal and Agent—Agency not Presumed—Proof—Acts and Declarations of Agent.**

Agency is never presumed, but is a question of fact to be proven, and the acts and declarations of the agent are not sufficient of themselves to establish the facts of agency, but must be determined from all the evidence, facts, and circumstances

2. **Same—Questions for Jury on Conflicting Evidence.**

On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury.

3. **Same—Apparent Authority of Agent.**

The apparent authority of an agent is to be gathered from all the evidence, facts, and circumstances, and is a question of fact for the jury, and the evidence of authority of the agent may be proved by the circumstances, but not alone by the declaration of the agent.

Error from District Court, Grant County; Charles Swindall, Judge.

Action by Dr. A. Anderson against W. F. Reed (Reed Construction Company). Judgment for plaintiff, and defendant appeals. Affirmed.

J. B. Drennan and Sam P. Ridings, for plaintiff in error.

Crowe & Crowe, for defendant in error.

PHELPS, J. This cause comes here on appeal from the district court of Grant county where the defendant in error, who was plaintiff below, brought suit against plaintiff in error, who was defendant below, for $157, claimed to be due for medical services in attending, as physician, a sick employee of plaintiff in error. The cause was tried to a jury, resulting in a verdict and judgment in favor of plaintiff for the full amount sued for, and for reversal plaintiff in error briefs and argues two propositions.

It appears that W. F. Reed, plaintiff in error, was engaged in highway construction work under the name of Reed Construction Company; that one of his employees became ill and Dr. A. Anderson, defendant in error, attended him during such illness, which illness resulted in his death. When defendant in error was first called to see the sick employee one Zuerschmeide was foreman of the construction crew, and one of the defenses urged is that such foreman was not the agent of plaintiff in error to the extent that plaintiff in error was bound to pay the bill in question when authorized by such foreman.

The question as to whether the foreman of the crew was the agent of plaintiff in error and that plaintiff in error was thereby bound by the acts of such foreman in providing medical attention for such employee, and also the question as to whether, even though the foreman had no authority to bind plaintiff in error, the plaintiff in error, by his acts and statements, had ratified the unauthorized act of said foreman, were questions of fact submitted to the jury for their determination, and it is argued by counsel for plaintiff in error that the evidence on these questions of fact does not support or justify the verdict and judgment, and they cite as supporting their contention, Davis v. Decker, 92 Okla. 177, 218 Pac. 518, and Commerce Furniture Co. v. White Sewing Machine Co., 94 Okla. 299, 222 Pac. 516, holding, among other things, that:

"Agency is never presumed, but is a question of fact to be proved, and the acts and declarations of the agent are not sufficient of themselves to establish the fact of agency."

These cases unquestionably announce the correct rule of law in this state, but the law is equally as well settled that where the question of agency is disputed, it becomes a question of fact to be determined by the jury under proper instructions by the court.

In Ginners Co. v. N. S. Sherman, 93 Okla. 221, 220 Pac. 650, in the second paragraph of the syllabus this court said:

"On the question of agency, where the evidence is conflicting and there is any competent evidence tending to establish agency and the extent of the authority of the agent, the issue as to such agency and the authority of the agent are questions to be determined by the jury."

Defendant in error claims that he acted upon what he supposed was the authority of the foreman when he treated the patient, and in the first paragraph of the syllabus of the case last above cited this court said:

"The apparent authority of an agent is to be gathered from all the facts and circumstances in evidence, and is a question of fact for the jury."

In Green Construction Co. v. Empire Co., 92 Okla. 127, 218 Pac. 1075, in the third paragraph of the syllabus this court said:

"The apparent authority of an agent is

to be gathered from all the facts and circumstances and evidence, and is a question of fact for the jury, and the evidence of authority of the agent may be proved by the circumstances, but not by the declaration of the agent."

Then, conceding that the law limiting the authority of an agent to bind his principal is well settled and that agency cannot be proved by the declaration of the agent alone, let us examine for a moment the evidence in the instant case and measure and weigh it by the authorities hereinbefore cited and quoted from.

Defendant in error testified that when he went to the construction camp he was introduced to Mr. Zuerschmeide as the foreman; that he had seen Zuerschmeide buying materials for the camp in Pond Creek and heard him giving orders and instructions to the employees; that he had a talk with Zuerschmeide and told him that:

" 'You got a man that is real sick, * * *' and he (Mr. Zuerschmeide) says, 'I want you to go ahead and do everything you can for him; don't let anything stand in the way of you trying to get him through this spell of sickness; we are behind you and we expect to pay the bill.' "

A Mr. Hickok testified that he went to the construction camp and asked for the foreman, and Mr. Zuerschmeide said: " 'I am the foreman,' and gave me his name," that he there made arrangements with Mr. Zuerschmeide to sell groceries for the use of the construction camp, agreeing with Mr. Zuerschmeide that he should receive pay therefor every 30 days and that on one occasion Mr. Zuerschmeide gave him a check, for plaintiff in error, as a payment on the groceries.

Defendant in error testified that some weeks after he had treated this patient he met Mr. Reed, plaintiff in error, and spoke to him about the account, and Mr. Reed told him that he expected to pay the account and that Mr. Zuerschmeide was looking after his work; that he had been paying the bills and that when he got his last payment from the highway department at Oklahoma City he would be able to pay the account.

We can reach no other conclusion than that the trial court was right in determining that this evidence of agency, and ratification, was sufficient to submit the question to the jury, and under the authorities hereinbefore cited, if there was sufficient evidence to submit the question to the jury, then we are not authorized in interfering with the jury's finding and the judgment of the court rendered thereon.

It is next contended by plaintiff in error

that he should not be held for the payment of this obligation for the reason that it falls within the statute of frauds, but, as we view it, that question is not in the case. If the evidence shows any liability at all, and the jury found that it did, it shows a primary liability and the authorities cited discussing the "statute of frauds" are not applicable to the facts disclosed by the evidence in this record.

The judgment of the district court is, therefore, affirmed and judgment rendered on the supersedeas bond.

BRANSON, C. J., and LESTER, HUNT, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 2 C. J. p. 577, §218; p. 919. §647; p. 923. §662; p. 935. §692; p. 944,. §708; p. 945. §709; 21 R. C. L. p. 821; 3 R. C. L. Supp. p. 1193; 4 R. C. L. Supp. p. 1431; 5 R. C. L. Supp. p. 1173; 6 R. C. L. Supp. p. 1285. (2) 2 C. J. p. 960, §731; p. 962, §733; 21 R. C. L. p. 822; 3 R. C. L. Supp. p. 1192; 4 R. C. L. Supp. p. 1432. (3) 2 C J. p. 935, §692; p. 944, §708; p. 945. §709; 21 R. C. L. p. 854; 3 R C. L. Supp p. 1196; 4 R. C. L. Supp. p. 1436; 5 R. C. L. Supp. p. 1175; 6 R. C. L. Supp. p. 1291.