**MABEE et al. v. McWATERS et al.**

No. 21645. Opinion Filed July 21, 1931.

H. C. Thurman and Byrne A. Bowman, for petitioners.

D. D. Jennings, for respondents.

LESTER, C. J. This is an original action filed in this court to review an award of the State Industrial Commission, wherein W. F. McWaters was claimant and J. E. Mabee and the Century Indemnity Company were respondents.

The record discloses that, on the 2nd day of June, 1930, claimant filed claim with the Industrial Commission, stating that the claimant was injured on the 2nd day of June, 1930, while in the employment of Mabee, truck contractor, and while so engaged and in the employment of said petitioner herein, a heavy boiler fell upon the claimant, striking and injuring the claimant, and that at the time of his injury he was drawing 45 cents per hour. Thereafter the cause came on for hearing on July 30, 1930, resulting in an award and finding in favor of the claimant. ·

The respondent herein, according to the record, does not bring himself within that rule showing that the relationship of master and servant existed at the time of his injury. The respondent shows by his testimony that, on the 2nd day of June, he was in Oklahoma City standing on the sidewalk with other workmen, when a certain truck driver came to them; asked if they cared to work that night. that he stated that he did, and they agreed on the price; after getting his dinner that· he returned to the truck; that they drove on one of the streets leading towards Reno street, where they picked up some pipe and proceeded from that point to where they came to a truck that was mired in the mud, which was loaded with a boiler, and in attempting to take the truck from the mud, the boiler slipped and the claimant was injured. He testified that the truck driver told him he was working for Mabee; that there was a sign appearing on the truck consisting of the name Mabee; that the driver also told him that his time would be checked up in the morning, and he would receive his pay.

All of these statements were declarations by the truck driver, and the record does not disclose whether he was, in fact, the agent of Mabee, one of the petitioners herein. The respondent herein further testified that he did not know Mabee, had never worked for him before, did not know the driver, and that immediately after the injury, the driver paid him $1.35 for the three hours' work.

The above is, in substance, the material part of the· testimony on the part of the respondent herein. The other physical facts and circumstances are wholly insufficient to establish the relation of master and servant standing alone, and the entire testimony in the record, which we have construed in the most favorable light to the respondent, we are of the opinion that there was no legal and competent evidence to sustain the finding and award of the State Industrial Commission.

To our minds there was apparently no contract of employment nor recognition on the part of Mabee of the claimant unless the truck driver was authorized, or apparently authorized, by Mabee to employ assistants such as the claimant. The declaration of the driver of the truck was not competent to establish that authority or apparent authority. See Whitcomb v. Oler et al., 41 Okla. 331, 137 Pac. 709. It is established in Oklahoma that the declaration of agency standing alone is insufficient to prove agency. This record fails to show any evidence to the effect that the driver was Mabee's agent and that such agent had authority to employ assistants. See Davis v. Decker Bros. Co., 92 Okla. 177, 218 Pac. 518, which states the general rule. See, also, 2 C. J. 935, which provides as follows:

"To prove extent of authority. It is also well established that such declarations of an agent are not admissible against the principal to show the extent of his authority as such agent."

We think that it was the duty of the claimant under the facts and circumstances shown in this record to have made inquiry as to the authority of the driver of the truck, for the reason that it is held in Shuler v. Viger, 123 Okla. 110, 252 Pac. 18:

"It is incumbent upon a person dealing with an alleged agent to discover, at his peril, whether the assumed agency be general or special, that such pretended agent had authority, and that such authority is in its nature and extent sufficient to permit him to do the proposed act."

The respondent herein contends that if the Industrial Commission's finding is supported by competent evidence, same should not be disturbed on review. With this we agree, but in this case the question presented, "Was there any competent evidence to sustain the finding and award?" and under section 7294, C. O. S. 1921, which provides that the decision of the State Industrial Commission shall be final as to all questions of fact, and except as provided in section 7297, Id., as to all questions of law. See Grace v. Vaught, 108 Okla. 187, 235 Pac. 590, in which the court said:

"In a proceeding in this court to review an award of the State Industrial Commission,

such proceeding is to review errors of law and not of fact. The findings of fact of the Industrial Commission are conclusive upon this court and will not be reviewed by this court where there is any competent evidence in support of same. In the absence of any evidence, the question of liability then becomes a pure question of law for determination by this court."

The only theory upon which this case could be sustained by this court would be to bring this matter under the rule that it is an employee's implied duty to exercise reasonable care to preserve from injury the property of his employer, and in an effort to that end, he is not a mere volunteer. We make this statement in order that we may distinguish between the case at bar and the case of State of Minnesota ex rel. George B. Neinaber v. District Court of Ramsey County, 138 Minn. 416, 165 N. W. 268, 1918 Lawyers' Reports Ann. F. In the Minnesota case the relator was engaged in the coal and fuel business at St. Paul and in the conduct thereof had in his employ drivers, who with teams and wagons owned by relator carted and delivered coal and other fuel to customers residing in various parts of the city. That at the time of the injury complained of in the Minnesota case the wagon was loaded with coal for delivery and it became mired in mud in one of the outlying streets. The plaintiff was in the employ of the city as a street sprinkler, driving his own team. In the course of his work he came up to the mired load of coal, and, at the request of relator's driver, attempted to assist in getting the wagon out of the mud. He hitched his team in front of the team attached to the coal wagon, and, in urging the horses forward, one of them stepped upon his foot and ankle injuring him. The court found that the relator had implied authority in an emergency to request the assistance of the street sprinkler; however, the distinction in the case at bar from the Minnesota case, supra, is that there was no question but that the employer was the owner of the team and wagon mired in the mud, nor was there any question of the driver of the street sprinkler being the agent of the city. In the case at bar there is no such evidence, facts, or circumstances which would tend to show the relation of the truck upon which the respondent herein was riding to the point where they attempted to remove the boiler from the truck mired in the mud as being the truck owned by Mabee, as well as his agent, to bring the case at bar within the rule announced in the Minnesota case, supra.

Having heretofore held that there was no legal and competent evidence to establish relationship of master and servant, the award of the Industrial Commission is set aside, award reversed, with directions to proceed not inconsistent with the views herein expressed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

Note.—See under (1) anno. 21 R. C. L. 859; R. C. L. Pocket Part title "Principal and Agent," § 36. (2) anno. 21 R. C. L. 853; R. C. L. Perm. Supp. p. 5117.