## INCORPORATED TOWN OF LOCUST GROVE v. FAULL.

No. 21945.   Sept. 17, 1935.

Rehearing Denied Nov. 5, 1935.

A. C. Brewster, for plaintiff in error.

J. M. Hill, Langley & Langley, and Foster & Roper, for defendant in error.

GIBSON, J.   The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

This action was commenced in the district court of Mayes county by the plaintiff to recover damages for personal injuries sustained while allegedly in the employ of the defendant.

Plaintiff alleges that he was employed by the defendant town to repair certain defects in defendant's electric light plant; that while so engaged he received certain personal injuries due to the negligence of the defendant. It is alleged in the petition that plaintiff's employment came about in the following manner: That the defendant, "* * * through its municipal governing body, had delegated and commissioned to Steve Foreman, the defendant's police officer, or marshal of defendant town, the duty and obligation of looking after and of keeping in repair defendant's electric light system aforesaid, and with authority vested in him, the said Steve Foreman, to employ such assistance as might be necessary in order to make repairs of said lighting system." And it is alleged further: "On or about the 11th day of May, 1927, defendant, through the aforesaid Steve Foreman, informed plaintiff that there was some trouble on the main or master line aforesaid, and then and there engaged plaintiff to accompany him, the said Steve Foreman, to the seat of trouble and correct it, if he, plaintiff, could do so; and engaged plaintiff to render whatsoever assistance that he, plaintiff, could render in the matter of correcting said trouble. Said contract of employment was verbal and no price for plaintiff's services was agreed upon."

Plaintiff therefore has alleged the relationship of principal and agent as existing between the defendant and Foreman at the time the contract of employment was entered into, and bases his right of recovery upon that contract being the contract of the defendant, and that by reason thereof the relationship of master and servant existed between defendant and plaintiff at the time of the alleged injury. It is well settled that such relationship may arise only out of contract. Hamilton v. Randall, 136 Okla. 170, 276 P. 705.

Plaintiff's right to have his cause submitted to the jury was dependent primarily upon some proof of Foreman's authority to enter into the contract on behalf of the defendant. This the plaintiff may have done by offering proof of express authority to make the contract in question, or by introducing evidence tending to establish the relationship of principal and agent between the defendant and Foreman in connection with the care and operation of the light

plant, and that the employment of aid was within the implied authority of Foreman as agent, or he may have offered proof of apparent authority in Foreman to enter into the contract on behalf of defendant, together with proof that the facts giving color to the apparent authority were known to plaintiff and that he relied thereon when he dealt with the alleged agent.

The record shows no evidence tending to establish express authority from defendant to Foreman to enter into the contract (with plaintiff. And there is no evidence tending to establish an express delegation by the defendant to Foreman of authority to keep in repair and look after the light plant. Implied authority of an agent is entirely dependent upon the existence of an express agency. There being no evidence of express authority to look after the operation of the plant, there could be no authority implied, for implied authority includes by implication all such powers as are necessary and proper as a means of effectuating the purposes for which the agency was created. 21 R. C. L. 853. Implied authority necessarily presupposes an express agency.

The only evidence bearing upon the question of express agency in Foreman was given by the plaintiff. He was asked on direct examination, "What was Mr. Foreman's business at that time" (referring to the time of the accident) ? Answer: "Town marshal." Question: "What else did he do besides being town marshal?" Answer: "Street and water commissioner and in charge of the electric light system."

This latter answer the defendant moved to strike on proper grounds, and the defendant duly saved exceptions to the court's adverse ruling thereon. This evidence should have been excluded. It amounted to a mere conclusion of the witness that Foreman was in charge of the electric light system, thus by conclusion attempting to show agency in Foreman to manage the system. Evidence that a party is or is not agent is a mere conclusion. Sanley v. Wilkinson, 107 Okla. 54, 229 P. 574.

The only other means by which the relationship of principal and agent between defendant and Foreman could have been established was by proof of apparent authority in Foreman to employ the plaintiff. Apparent authority as agent sufficient to bind another as principal is not dependent upon the existence of an express agency. As stated in 21 R. C. L., pp. 854, 855, and 856:

"The liability of the principal is not limited to such acts of the agent as are expressly authorized or necessarily implied from express authority. All such acts of the agent as are within the apparent scope of the authority conferred on him are also binding upon the principal, apparent authority being that which, though not actually granted, the principal knowingly permits the agent to exercise, or which he holds him out as possessing. * * * Apparent authority may be and often is derived from a course of dealing, or from a number of acts assented to or not disavowed. * * * Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages, and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of his principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it."

The apparent authority of an agent to act as the representative of his principal is to be gathered from all the facts and circumstances in evidence. But, unless these facts and circumstances were known and relied upon by the party seeking to hold the principal for an act of the agent, he is in no position to claim anything on account of them. There must be some act on the part of the so-called principal to justify the party in assuming that the alleged agent was authorized to perform on behalf of the principal. This rule is expressed in 21 R. C. L., page 856, as follows:

"* * * And the party dealing with an agent must prove that the facts giving color to the agency were known to him when he dealt with the agent. If he has no knowledge of such facts, he does not act in reliance upon them, and is in no position to claim anything on account of them."

While the declarations of an alleged agent as to the existence of an agency are not admissible in evidence (Reed v. Anderson, 127 Okla. 64, 259 P. 855), the agency may be shown by the testimony of the agent himself. Pierce Petroleum Corporation v. Hales, 147 Okla. 42, 294 P. 160. Steve Foreman testified on direct examination in behalf of defendant that he had not been authorized by the town board to employ Faull, and that he had not been directed by the board to employ anyone. On cross-examination, referring to a hearing had before the State Industrial Commission, Foreman was asked the following questions:

"Question: Was this question asked you at that hearing: 'Question: Had you been authorized before that time to employ men

to do such work as Mr. Faull was doing?' Was that question asked you at that hearing?"

"Answer: I don't remember."

"Question: Did you give this answer: 'Answer: Well that was our understanding, if we had any trouble that I would be the man to run the trouble out and do the work.' Did you give that answer?"

"Answer: I expect I gave that answer."

This evidence could serve no other purpose than to impeach the testimony of the witness. The evidence given by the witness at a wholly different proceeding amounted to no more than declarations by the alleged agent as to the existence of an agency, and, unless reaffirmed by the agent at the present trial, were insufficient to support a finding that an agency existed.

There is some evidence that Foreman employed Faull, but there is no evidence that Foreman was employed to look after the light plant. And there is no evidence that Faull, acting upon any apparent authority of Foreman, knew of any facts or circumstances whereby defendant had given color to the agency and upon which facts and circumstances the plaintiff relied when he accepted the employment from Foreman.

There being no competent evidence to establish the relationship of principal and agent between the defendant and Foreman as existent when the contract was entered into between Foreman and the plaintiff, it was error on the part of the trial court to overrule defendant's motion for a directed verdict.

The judgment is reversed and the cause remanded to the trial court, with instructions to enter judgment for defendant.

McNEILL, C. J., and RILEY, BAYLESS, BUSBY, WELCH, PHELPS, and CORN, JJ., concur. OSBORN, V. C. J., dissents.