**ANGLO–AMERICAN CLOTHING CORPORATION, Appellee,**

v.

**MARJORIE'S OF TIBURON, INC., an Oklahoma Corporation, doing business under the trade style of Rebel Jeans, Appellant.**

No. 49513.

Supreme Court of Oklahoma.

Sept. 20, 1977.

Ungerman, Grabel, Ungerman, Weinstein & Glass, Tulsa, for appellee.

C. W. (Bill) Pate, Tulsa, for appellant.

DAVISON, Justice.

Appellee, Anglo-American Clothing Corporation, brought an action in the District Court of Tulsa County against Marjorie's of Tiburon, Inc., d/b/a under the trade name of Rebel Jeans, alleging that Rebel Jeans was indebted to Anglo-American Clothing, by virtue of a contract of sale in which Rebel Jeans purchased 132 jackets at a total purchase price of $2,739.00. Rebel Jeans defended on the basis that approximately 40 jackets were defective and that they had attempted a proper rejection of said items, and upon the grounds that the transaction was a sale or return transaction. 12A O.S. § 2–326 of the Oklahoma version of the Uniform Commercial Code defines sale or return as follows:

> "(1) Unless otherwise agreed, if delivered goods may be returned by the buyer even though they conform to the contract, the transaction is
>
> (a) * * *
>
> (b) a 'sale or return' if the goods are delivered primarily for resale."

In the case before us, the jackets in question were purchased by Rebel Jeans for resale in their retail outlets.

■ The agent of seller, Anglo-American Clothing, who negotiated the contract with Rebel Jeans, was not present to testify, however two representatives of Rebel Jeans who negotiated the contract were present. The two witnesses, testifying on behalf of Rebel Jeans, testified that they had decided not to buy the jackets in question because they were higher priced items than they normally carried in their Rebel Jeans stores, but were persuaded to buy the jackets based upon Anglo-American agent's representation that the jackets could be returned, if they did not sell. This evidence clearly established that the transaction constituted a "sale or return." No objection was made to this oral testimony at the time of trial, consequently appellee's argument that the admission of that evidence violated the parol evidence rule under the Code need not be considered by this Court. Seller, Anglo-American Clothing, introduced uncontroverted evidence that their agent did not have *actual authority* to enter into a "sale or return" type contract. Although Anglo-American's agents do not have actual authority to enter into such type of transactions, both witnesses testifying for Rebel Jeans indicated that statements made to them by Anglo-American's agent led them to believe that he had such authority by virtue of owning an interest in the business. The testimony disclosed that Anglo-American's agent did not however own any interest in the business.

The trial judge, who specifically stated he found no reason to disbelieve any of the testimony of either plaintiff or defendant, specifically ruled that the negotiating agents of Rebel Jeans were *not* justified in concluding that Anglo-American's agent was an owner-principal; thus, implicitly ruling that Anglo-American's agent had no apparent authority to enter into a sale or return transaction. Based upon this, the trial court, who was acting as trier of fact and law, held that Anglo-American was entitled to the full purchase price, minus the price for the 40 defective jackets, which the court held were rightfully rejected. Additionally, the trial court awarded Anglo-American an attorney fee as prevailing party.

Rebel Jeans appeals from the judgment of the trial court, asserting that the trial court erred in the following respects:

1. The trial court erred in refusing to consider the transaction involved as a

verbal "sale or return contract," which the seller Anglo-American had breached.

2. The court erred in the admission of certain hearsay evidence, concerning certain conversations between plaintiff's witness and plaintiff's agent who was not present for trial.

■ The decisive substantive issue is whether the trial court erred in not considering the transaction as a "sale or return" contract. The uncontroverted testimony clearly demonstrated that it was the intent of Rebel Jeans and Anglo-American's *agent* to enter into a "sale or return" type contract. Since the trial court indicated that it believed the uncontroverted testimony regarding the negotiations of the contract, we need not consider the possibility that the trial court doubted the credibility of Rebel Jeans' witnesses. We must however determine whether Anglo-American's agent had the authority, either actual or apparent, to bind its principal, Anglo-American, to a "sale or return" contract. As indicated above, the uncontroverted evidence, which the trial court indicated it believed, demonstrated that there was no actual authority to enter into such a contract. Upon being asked what authority his salesman had, Mr. Pinsker of Anglo-American stated:

Q. (By Mr. Goldman) "Just what exact authority did Mr. Bregman have to make to any prospective buyers?

A. (By Mr. Pinsker) The only area of leniency he had with respect to making a sale was on the question of terms. Our terms are normally at 30 or at 60. In this case there was another discrepancy put in one-third, one-third and one-third, but in no case was he ever able or allowed or permitted to sale on consignment and if it was on consignment it would have been so notified on the original invoice."

We next consider whether Anglo-American's agent had implied or apparent authority to enter into a "sale or return" type contract. In *Rosser-Moon Furniture Co. v. Oklahoma State Bank*, 192 Okl. 169, 135 P.2d 336 (1943), this Court held:

" 'Apparent authority' of an agent is such authority as the *principal knowingly permits the agent to assume or which he holds the agent out as possessing. * *.* And the elements that must be present before a third person can hold the principal for the acts of the agent on the theory of apparent authority are (a) *conduct of the principal*, (b) reliance thereon by the third person, and (c) change of position by the third person of his detriment." [Cites omitted—emphasis added]

■ In arguing that the agent had apparent authority to enter into a sale or return type contract, Rebel Jeans puts great emphasis on the acts of Anglo-American's bargaining agent. Appellant's emphasis is misplaced, as apparent agency *develops from the acts of the principal himself* —not the agent's acts. In examining the acts of the principal, Anglo-American, we see from the undisputed evidence that the party who negotiated with Rebel Jeans was in fact a sales representative of Anglo-American, who Anglo-American sent into the field to sell Anglo-American products, and to make contracts for such sales. Certainly, the mere fact that Anglo-American authorized its agent to make contracts for the sale of their goods, does not mean that their salesman has apparent authority to make any contract, no matter what the terms.

In *Truscon Steel Co. v. Cooke*, 98 F.2d 905 (10th Cir. 1938), the Tenth Circuit Court of Appeals held:

"The power of any agent to bind his principal rests upon authority conferred. Such authority as to third persons includes that incidental to or implied from the main power conferred, and that which custom and usage have added, and that which the principal has occasioned as by a previous course of dealing, causing persons dealing with the agent to reasonably believe the principal has conferred, the exercise of which by the agent, the principal is by his conduct estopped to deny, or which he has subsequently approved and ratified."

In *Commerce Furniture & U. Co. v. White Sewing Mach. Co.*, 94 Okl. 299, 222 P. 516 (1924), this Court, quoting from *United States Bedding Co. v. Andre*, 105 Ark. 111, 114, 150 S.W. 413, held:

> "The purpose for which a traveling salesman is employed is to solicit orders and make sales of goods. *Unless he is specially authorized to do so, he has no implied authority to do any act other than is usually done by other salesman of like character; that is, to do those things and make those agreements which are necessary and usual to accomplish the purpose of this agency.* Being employed for one purpose, he has no authority to do another, either actual or implied."

[Emphasis added]

Applying this analysis to the case before us, we see that there was conflicting testimony as to whether a "sale or return" type of contract was usual in the clothing industry. Such a question was obviously a question of fact for the trial court, sitting as both trier of fact and law, to decide. In *Wattie Wolfe Company v. Superior Contractors, Inc.*, Okl., 417 P.2d 302 (1966), this Court held:

> "In a civil action triable to a jury, where jury is waived and the cause is tried to the court, the findings of the trial court have the force and effect of a jury verdict, and where the finding is a general one it is the finding of every specific thing necessary to be found in sustaining the general verdict, and, in such a case, there being no errors of law, the judgment will not be disturbed on appeal if there is any competent evidence reasonably tending to support the conclusions of the trial court. *Scrivner-Stevens Company v. Boliaris*, Okl., 385 P.2d 911."

Under the above quoted rule, we must conclude that the trial court found that it was not customary for salesman in the clothing business to be authorized to engage in "sale or return" contracts. Since there was competent evidence to support this finding, this Court cannot on appeal alter that finding, nor substitute its judgment for that of the trial court. Accordingly, we hold that there was sufficient evidence introduced to support the findings and conclusions of the trial court that sales personnel in the clothing industry do not generally have the authority to make "sale or return" type contracts. Because that finding was outcome determinative in this case, we need not consider the questions raised by appellant regarding the admissibility of evidence which was addressed to the issue of contract terms.

For the above stated reasons, we affirm the judgment and verdict of the trial court.

Supersedeas bond having been executed in this case, and appellee having asked for judgment thereon, judgment is hereby rendered on the bond. The judgment is to be enforced by the trial court.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and WILLIAMS, IRWIN, BERRY, BARNES, and SIMMS, JJ., concur.