ROSSER-MOON FURNITURE CO. v. OKLAHOMA STATE BANK et al.

No. 30646.   March 9, 1943.

*135 P. 2d 336.*

C. F. Green, of Ada, and A. C. Saunders, of Tulsa, for plaintiff in error.

Busby, Harrell & Trice, of Ada, and Pryor & Wallace, of Wewoka, for defendants in error.

HURST, J. Mrs. Foster McSwain, a resident of the city of Ada, delivered to J. T. Brownlee, agent of Rosser-Moon Furniture Company, her check payable to the company, in the sum of $400 in payment of an account. The check was drawn on Oklahoma State Bank, of Ada. Brownlee indorsed the check "Rosser-Moon Fur. Co. by J. T. Brownlee," and procured the indorsement thereon of "Harris Hotel, by Lorene Ogden, Clerk." The hotel cashed the check at the bank for him. Rosser-Moon Furniture Company, as plaintiff, brought this action against the bank and the hotel, alleging that the indorsement of the check by Brownlee was unauthorized and a forgery; that it had never received the $400; and that the bank and hotel had converted the check to their own use. The hotel and bank defended on the ground that Brownlee had the apparent authority to indorse and cash the check, and that plaintiff was estopped to deny his authority. A jury was waived and the trial court heard the evidence and rendered judgment for defendants. Plaintiff appeals.

The sole question presented is whether the evidence is sufficient to justify a finding that the plaintiff permitted Brownlee to exercise such apparent authority as to estop it to deny the authority of Brownlee to indorse and cash the check. It is not here contended, though it was alleged in the answer, that Brownlee had such implied authority.

The evidence shows that plaintiff was engaged in the sale of house furnishings; that its place of business was in Tulsa; that Brownlee was its salesman; that for some three years prior to April 7, 1938, the date of issuance of the check in question, he had spent a great deal of time in Ada, and made sales of large quantities of merchandise there; that during this three-year period he had full charge of the company's business in Ada, making contracts, overseeing the delivery of the merchandise, and collecting therefor; that in making collections he received cash, checks payable to himself, and checks payable to the company; that he cashed some of the checks and took the cash to Tulsa, and others he sent to Tulsa, indorsing those made payable to himself; that he advised plaintiff that he sometimes cashed checks payable to it and took the proceeds to plaintiff. Brownlee testified that he had neither been expressly authorized to indorse and cash checks payable to the company, nor instructed not to do so. He was asked: "What was the occasion of your cashing checks made payable to the order of Rosser-Moon Furniture Co.?" He answered: "Sometimes I would cash checks to pay for particular merchandise that came in, and sometimes I would cash checks so I could take cash in to them, which they preferred so that they wouldn't have to wait a number of days for it to clear through the banks."

I. G. Rosser, president of the company, testified that he personally did not know that Brownlee cashed checks payable to the company, and that Brownlee was not authorized to do so; that Mr. Bass, of Rosser-Moon, took Brownlee to Ada, and that he did not know what the arrangement was between Bass and Brownlee; that Brownlee received a

commission on goods sold by him; and that he had never told Brownlee not to indorse and cash checks payable to the company. Mr. Rosser was the only witness for the company.

The company contends that Brownlee did not have implied authority to indorse and cash the check, citing Bell-Wayland Co. v. Bank of Sugden, 95 Okla. 67, 218 P. 705, and cases from other jurisdictions. The defendants call attention to the distinction between implied authority and the apparent authority upon which an estoppel may be predicated, and assert that the Bell-Wayland Case, and other cases on implied authority cited by plaintiff, are not applicable to the instant case, where an estoppel based on apparent authority is involved.

"Apparent authority" of an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing. 2 C. J. 573; 2 Am. Jur. 82. And the elements that must be present before a third person can hold the principal for the acts of the agent on the theory of apparent authority are (a) conduct of the principal, (b) reliance thereon by the third person, and (c) change of position by the third person to his detriment. 2 C. J. S. 1214; 2 Am. Jur. 86.

Whenever the principal, by statements or conduct, "places the agent in a position where he appears with reasonable certainty to be acting for the principal, or without interference suffers the agent to assume such a position," so that third persons are justified in believing that the agent is within his authority, an apparent authority results. 2 C. J. S. 1210. And the scope of such apparent authority is to be determined not only by what the principal actually does know of the acts of the agent within the employment, but also by "what he should, in the exercise of ordinary care and prudence, know the agent is doing in the agency transaction." 2 Am. Jur. 84.

While many cases announce the rule that authority to indorse commercial paper will not be lightly inferred (12 A. L. R. 119, note), no case is cited holding that a principal permitting his agent to exercise apparent authority to do so is not estopped to deny such authority as against a third person who has acted in reliance thereon. The reasons upon which ratification was upheld in the Bell-Wayland Case, above, are equally applicable to estoppel by acquiescence in the known acts of the agent.

In Arcade Realty Co. v. Bank of Commerce, 180 Cal. 318, 181 P. 66, 12 A. L. R. 102, the court recognized the rule that the authority of an agent to indorse negotiable paper payable to the principal is not lightly to be presumed, but held that where the evidence showed that a general agent in charge of rental property collected rents, deposited them in his own account, and remitted them to his principal by his personal check, authority to indorse checks given him in payment of rent would be presumed. The court said:

"Rents in large amounts are not habitually paid in money, but by check. The principal could hardly have assumed that such paper was all drawn to the order of the agent. The tenants would not naturally so draw their checks, but to the order of the landlord."

So in the instant case the principal knew that the agent was collecting large amounts of money from its customers. By reason of its business experience it must have known, and according to Brownlee it did know, that accounts of the size collected by Brownlee were habitually paid by check, and that he was cashing the checks to bring the cash to Tulsa. The long continued acquiescence of the principal in this practice of Brownlee justified those in charge of the bank and the hotel in believing that in cashing checks received by him he was exercising authority conferred by the principal.

Whether Brownlee had the apparent authority to indorse and cash the check was a question of fact (Minnehoma Oil Co. v. Koons, 99 Okla. 266, 226 P. 1048), and where, as here, a jury is waived in

an action of legal cognizance, and the judgment of the trial court is reasonably supported by the evidence, and no prejudicial error of law appears, the judgment will not be disturbed on appeal. Knox v. Eason Oil Co., 190 Okla. 627, 126 P. 2d 247.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, and DAVISON, JJ., concur. RILEY, OSBORN, and ARNOLD, JJ., absent.