John Lynn STEPHENS, Appellant,

v.

YAMAHA MOTOR COMPANY, LIMITED, JAPAN, a Japanese Corporation, Yamaha Motor Corporation, U. S. A., a California Corporation, Inoue Rubber Industries Co., Ltd., a Japanese Corporation, Abe Martin, Inc., an Oklahoma Corporation, L & A Tire Company, Abe Martin d/b/a L & A Tire Company, L & A Service Station, Abe Martin d/b/a L & A Service Station, Conoco, Inc., a Delaware Corporation, and Lien Shin Tire Company, Ltd., a Chinese Corporation, Appellees.

No. 55593.

Supreme Court of Oklahoma.

April 14, 1981.

John W. Norman, Oklahoma City, for appellant.

Dale Reneau, Oklahoma City, for appellee Conoco, Inc.

IRWIN, Chief Justice:

Appellant Stephens was seriously injured when the motorcycle he was driving went out of control. A new tube and Dunlop tire had recently been wheel-mounted on the motorcycle at co-defendant Martin's service station by Martin's employees. Appellant contends that a washer, trapped between the tube and inside of the tire, created a leak which led to rapid deflation of the tire, which in turn caused the accident.

Appellant filed his action against multiple defendants to recover damages for personal injury. The action was based on theories of products liability, express and implied warranty, and negligence. Conoco was joined as a co-defendant on the theory that the alleged negligent acts of the service station employees in mounting the tube and tire were committed while acting under the apparent authority of Conoco.

Conoco filed a motion for summary judgment and a supporting affidavit which stated facts essentially the same as those contained in a stipulation of facts subsequently submitted to the court. The parties agree that the service station was owned and operated by Abe Martin, Inc., d/b/a L & A Service Station and L & A Tire Company; that Conoco exercised no control over the operation of the station, and that the employees performing the installation of the inner tube in question were agents, servants, and employees of Martin. They further agree that the only item furnished by Conoco to the station owner was a Conoco sign, and that Conoco did not distribute or sell Dunlop tires to the owners and operators of the station.

Appellant opposed the motion for summary judgment with an affidavit in which he claimed to have been led to believe by the Conoco signs displayed at the station and by other Conoco advertisements that the tire repair service at Martin's was offered and authorized by Conoco, and that he relied upon this belief in choosing the repair service at Martin's.[1]

The district court sustained Conoco's motion for summary judgment, finding that there was no material fact in dispute and citing *Coe v. Esau*, Okl., 377 P.2d 815 (1963), as controlling authority. In *Coe* we said:

> "Neither the mere fact of ownership of property nor that goods marketed under the trade mark or trade name of the landlord are advertised and sold upon the demised premises is deemed sufficient to raise an inference that the tenant-vendor is the agent or employee of the landlord. [Citations omitted]. It is indeed a matter of common knowledge and practice that distinctive colors and trade mark signs are displayed at gasoline stations by independent dealers of petroleum product suppliers. These signs and emblems represent no more than notice to the motorist that a given company's products are being marketed at the station." [Citations omitted].

Appellant contends *Coe* is not controlling because we are concerned here with a summary judgment and *Coe* involved the sustention of a demurrer to the evidence. Also, in the case at bar appellant seeks to impose liability based upon "apparent authority" while in *Coe*, the issue was whether the service station operator was an agent or employee of the oil company (Continental).

---

1. Appellant's affidavit reads: "... that I went to the L & A Service Station to have a rear motorcycle tire repaired because I saw a Conoco sign prominently displayed in front of the station and another Conoco sign prominently displayed on the outside wall of the station. I believed that I could depend and rely on the quality of the services I sought since I knew that Conoco was a prominent and well established petroleum company, and I did so rely upon them.

I had seen and heard many of Conoco's advertisements which stated that Conoco's brand was the "Hottest Brand Going", and that you get "More Ride for Your Money". Had I not been led, by the signs and other advertisements, to believe that the tire repair services offered by this station were authorized by Conoco and part of the services offered by Conoco, I would have taken the tire to a service station which was so authorized by Conoco."

In *Rosser-Moon Furniture Co. v. Oklahoma State Bank*, 192 Okl. 169, 135 P.2d 336 (1943), we described apparent authority as follows:

> " 'Apparent authority' of an agent is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing. And the elements that must be present before a third person can hold the principal for the acts of the agent on the theory of apparent authority are (a) conduct of the principal, (b) reliance thereon by the third person, and (c) change of position by the third person to his detriment." [Citations omitted.]

■ The existence of actual authority between principal and agent is not a prerequisite to establishing apparent authority. Apparent authority results from a manifestation by the principal to a third person that another is his agent. The manifestation may be made directly to a third person or to the community by signs or by advertising. Restatement 2d, Agency, § 8, 27, 49. But, *"apparent authority exists only to the extent that it is reasonable for the third person dealing with the agent to believe that the agent is authorized."* Restatement 2d, Agency, § 8, Comment c. (emphasis added.)

Appellant cites *Gizzi v. Texaco, Inc.*, 437 F.2d 308 (3rd Cir. 1971), cert. denied 404 U.S. 829, 92 S.Ct. 65, 30 L.Ed.2d 57, as the leading case dealing with apparent authority. In *Gizzi* the trial court granted Texaco's motion for a directed verdict. Although the U. S. Court of Appeals reversed the trial court's judgment and said that questions of apparent authority are questions of fact and are for the jury to determine, this statement must be considered in connection with the court's basic finding when it said:

> "While the evidence on behalf of the appellants by no means amounted to an overwhelming case of liability, we are of the opinion that reasonable men could differ regarding it and that the issue should have been determined by the jury, after proper instructions from the court."

The facts presented in *Gizzi* are distinguishable from the facts presented here. The service station in *Gizzi* was a Texaco station in which certain equipment was owned by Texaco, and evidence was introduced to show that Texaco exercised control over the activities of the service station.

■ This Court discussed the showing required to support a motion for summary judgment where defendant so moves and is not relying on an affirmative defense, in *Runyon v. Reid*, Okl., 510 P.2d 943 (1973). Under such circumstances, defendant must show no substantial controversy as to one fact material to plaintiff's cause of action and that the fact is in defendant's favor. Once defendant has introduced evidentiary materials to that end, plaintiff then has the burden of showing evidence is available which justifies a trial of the issue.

In *Aktiengesellschaft De Harlander, etc. v. Lawrence Walker Cotton*, 60 N.M. 154, 288 P.2d 691 (1955) the New Mexico court quoted with approval Vol. 3, Barron and Holtzoff, Federal Practice and Procedure, stating:

> " * * * the moving party has the burden of showing that there is no genuine issue as to a material fact and that he is entitled to judgment as a matter of law but * * * when he has made a prima facie showing to this effect *the opposing party cannot defeat a motion for summary judgment and require a trial by a bare contention that an issue of fact exists.* He must show that evidence is available which would justify a trial of the issue." (Emphasis supplied.)

In *B. P. Corporation v. Mabe*, 279 Md. 632, 370 A.2d 554 (1977) the Court of Appeals of Maryland held, in an action against a gasoline company for injuries sustained at a leased service station, that plaintiff's testimony that he had been attracted to the station by the company's signs and that he always bought that company's brand of gasoline and dealt with that company was insufficient evidence of reliance to establish lessee's apparent agency or agency by estoppel.

Paraphrasing the language used by the Supreme Court of Iowa in *Reynolds v. Skelly Oil Company*, 227 Iowa 163, 287 N.W. 823 (1939) appellant's argument that he thought the tire service offered at the station was authorized by Conoco and part of the services offered by Conoco because of the two Conoco signs displayed on the station "has no support in reason or authority." One might as well argue that "because the word 'Chevrolet' or 'Buick' is displayed in front of a place of business, General Motors would be estopped to claim that it was not the owner of the business. It is a matter of common knowledge that these trade mark signs are displayed throughout the country by independent dealers." See also *Cawton v. Phillips Petroleum Co.*, Fla.App., 124 So.2d 517, 83 A.L.R.2d 1276 (1960).

Appellant's mere statement that he believed that the tire repair services offered by this station were authorized by Conoco and part of the services offered by it is not sufficient to withstand summary judgment. *Culpepper v. Lloyd*, Okl., 583 P.2d 500 (1978).

JUDGMENT AFFIRMED.

BARNES, V. C. J., and WILLIAMS, SIMMS, HARGRAVE and OPALA, JJ., concur.

LAVENDER and DOOLIN, JJ., dissent.