**SOUTHWESTERN BELL MEDIA, INC., Appellee,**

v.

**Lester ARNOLD d/b/a Arnold's Transmission & Garage, Appellant.**

No. 75091.

Court of Appeals of Oklahoma, Division No. I.

Oct. 8, 1991.

Robert B. Smith, Oklahoma City, for appellant.

Ken Kelker and Cheri Thebeau, Oklahoma City, for appellee.

MEMORANDUM OPINION

BAILEY, Judge:

Appellant Lester Arnold d/b/a Arnold's Transmission & Garage (Arnold) seeks review of the Trial Court's order granting summary judgment to Appellee Southwestern Bell Media, Inc., (SWB Media) for the amount of $3,311.85 in SWB Media's action to recover unpaid sums for Arnold's advertising in SWB Media's "Yellow Pages." Hereunder, Arnold argues the Trial Court erred in granting summary judgment in the face of controverted material facts concerning an apparent agency relationship between Southwestern Bell Telephone Company (SWB Telephone) and SWB Media.

In May, 1984, Arnold entered into a contract with SWB Media for Yellow Pages advertising of Arnold's Transmission & Garage in the Oklahoma City telephone directory. Subsequently, Arnold sold his business to a third party, Melvin Meyer (Meyer). Pursuant to the sale, Meyer agreed to assume all business indebtedness including

the expense of the Yellow Pages advertisement.

Thereafter, Arnold contacted SWB Telephone, advised the SWB Telephone that he had sold his business to Meyer, that he wished to transfer telephone service to Meyer, and that Meyer had agreed to assume all the indebtedness related thereto. SWB Telephone accepted the change order, and transferred the business telephone service to Meyer. However, unbeknownst to Arnold at that time, SWB Telephone did not transfer billing for the Yellow Pages advertising from Arnold to Meyer.

In May, 1988, SWB Media initiated the subject action against Arnold for collection of the contract price of Arnold's Yellow Pages advertisement, alleging the amount due and owing from Arnold, not Meyer. SWB Media moved for summary judgment. In opposition thereto, Arnold presented evidence showing that SWB Media and SWB Telephone utilize the same logo (the well-known encircled bell), similar names, and that SWB Media allowed these similarities to be perpetuated, supporting an inference of an apparent agency relationship between SWB Media and SWB Telephone. Arnold asserted that he relied on the demonstrated similarities and resulting apparent relationship between SWB Media and SWB Telephone to his detriment by releasing Meyer, prior to the initiation of the instant action, from further performance under the the the Arnold/Meyer contract regarding Meyer's assumption of business indebtedness. On summary judgment however, the Trial Court found for SWB Media.

Here on appeal, as he did below, Arnold asserts that the evidence on summary judgment arguably showed that SWB Media clothed SWB Telephone with the apparent authority to change and/or transfer telephone service, including Yellow Pages advertisement services, and that Arnold entered into the transaction with SWB Media relying on this apparent authority to his detriment, thereby rendering SWB Media estopped to deny the existence of an agency relationship. In that regard, the Oklahoma Supreme Court has held the existence of actual authority between principal and agent is "not a prerequisite to establishing apparent authority." *Stephens v. Yamaha Motor Co., Ltd.*, 627 P.2d 439, 441 (Okl.1981). Rather:

> Apparent authority ... is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing. And the elements that must be present before a third person can hold the principal for the acts of the agent on the theory of apparent authority are (a) conduct of the principal, (b) reliance thereon by the third person, and (c) change of position by the third person to his detriment.

*Rosser–Moon Furniture Co. v. Oklahoma St. Bank*, 192 Okl. 169, 135 P.2d 336, 338 (1943).

Stated otherwise:

> ... Apparent authority results from a manifestation by the principal to a third person that another is his agent. The manifestation may be made directly to the third person or to the community at large by signs or advertising. But, *"apparent authority exists only to the extent that it is reasonable for the third person dealing with the agent to believe the agent is authorized."* (Citation omitted).

*Stephens*, 627 P.2d at 441.[1] (Emphasis original.)

Ordinarily, "questions of apparent authority are questions of fact and are therefore for the jury to determine." *Gizzi v.*

---

1. In *Stephens*, the Supreme Court acknowledged its previous decision in *Coe v. Esau*, 377 P.2d 815 (Okl.1963) that as "a matter of common knowledge and practice ... the distinctive colors and trademark signs ... displayed at gasoline stations by independent dealers of petroleum products [give] no more than notice to the motorist that a given company's products are being marketed at that station." *Stephens*, 627 P.2d at 441. Thus, and although factually distinguishable from the instant case, we deem the law of apparent agency pronounced in *Stephens* applicable to the case at bar, notwithstanding the fact that in *Stephens*, the Court found "Appellant's mere statement that he believed that [putative agent's] services were authorized by [the charged principal] ... not sufficient to withstand summary judgment." *Stephens*, 627 P.2d at 442.

*Texaco, Inc.*, 437 F.2d 308 (3rd Cir.1971), citing, *System Investment Corp. v. Montview Acceptance Corp.*, 355 F.2d 463 (10th Cir.1966). "Only where facts relied upon to establish the existence of agency are undisputed and conflicting inferences cannot be drawn therefrom" is it proper to consider such issue one of law, and grant summary judgment thereon. *Mitchell v. Ford Motor Credit Company*, 688 P.2d 42 (Okl.1984).

 Under these authorities, and the facts and circumstances of this case, we find the Trial Court erred in granting summary judgment to SWB Media. Arnold presented facts in opposition to summary judgment from which reasonable people might conclude that due to the identical logos and the similarities in names between SWB Media and SWB Telephone, and based on SWB Media's admission that as a regular part of its business procedures, SWB Media accepts and enforces contractual assumptions of advertising expenses, that SWB Telephone acted as an apparent agent for SWB Media for the purposes of transferring telephone service, including Yellow Pages advertisement services. In other words, we find a controversy of material fact as to whether a reasonable third person might believe that SWB Telephone was an authorized agent of SWB Media, precluding summary judgment.

The order of the Trial Court granting summary judgment to SWB Media is therefore REVERSED, and this matter REMANDED for further proceedings not inconsistent with this opinion.

GARRETT, P.J., and ADAMS, J., concur.