Tom KAYE, Appellant,

v.

RONSON CONSUMER PRODUCTS CORPORATION, a foreign corporation, and Scripto–Tokai Corporation, a foreign corporation, Appellees.

No. 87062.

Court of Appeals of Oklahoma, Division No. 4.

May 7, 1996.

Certiorari Denied July 3, 1996.

O.S.Supp.1995 § 9.1.

Steven R. Hickman, Frasier, Frasier & Hickman, Tulsa, for Appellant.

John R. Woodard, III, Jody R. Nathan, Feldman, Franden, Woodard & Farris, Tulsa, for Appellee Ronson.

David G. Graves, Mike Barclay, Jeffrey A. Glendening, Barkley & Rodolph, Tulsa, for Appellee Scripto–Tokai.

RAPP, Chief Judge.

Trial court plaintiff, Tom Kaye, appeals summary judgments entered in favor of defendants, Ronson Consumer Products Corporation and Scripto–Tokai Corporation, in an action arising from the death of his son as a result of self-induced butane inhalation.

The dispositive issues are whether the plaintiff established that (1) decedent used these defendants' product, and (2) usage of defendants' product caused or contributed to his death.

## BACKGROUND

Plaintiff's son, Brad Kaye, went into a Quik Trip store with a friend and apparently, as observed on videotape, stole butane packaged by Zippo Manufacturing Company. Then, while riding in a car with two of his friends, he inhaled the butane for approximately an hour and a half. He collapsed upon exiting the car. After being taken to the hospital, he died the next day of toxic butane inhalation. Later, while going through his son's room, plaintiff found butane cans bearing the brand names of Ronson and Scripto.

Plaintiff brought a wrongful death action for negligence and products liability against

Quik Trip,[1] Zippo, Ronson, Scripto, and Scripto–Tokai, seeking to recover actual damages resulting from his son's death and punitive damages. Ronson and Scripto–Tokai answered and filed motions for summary judgment. The trial court granted the motions in favor of Ronson and Scipto–Tokai and expressly directed the filing of a final judgment in favor of these two defendants to allow for immediate appeal.[2]

## ALLEGED ERRORS

Plaintiff appeals asserting trial court error in entering summary judgments because there were material issues of fact in dispute precluding summary judgment. Plaintiff also asserts the court erred in determining there was a lack of evidence on the issue of whether the decedent inhaled any Ronson or Scripto–Tokai butane products.

## ANALYSIS

Plaintiff's theory of liability is a two-pronged argument based on the alleged *prior use* of defendants' butane products by decedent. In one prong of the argument, plaintiff asserts that decedent's voluntary prior use of defendants' butane induced him to *continue* further subsequent use. In other words, plaintiff asserts butane inhalation is habit forming, and decedent's prior use of defendants' butane caused him to become addicted and resulted in his death. In the argument's other prong, plaintiff asserts that decedent's prior use of defendants' butane predisposed him to death. The theory is that previous usage had cumulative effects which increased decedent's susceptibility to butane exposure, thereby increasing likelihood of death. Under this theory, the voluntary inhalation of Zippo's butane was merely the "straw that broke the camel's back."

In analyzing these issues, it is clear that in order to base a claim on manufactur-

er's products liability, a plaintiff must prove that the product *caused* the injury. *Hutchins v. Silicone Specialties, Inc.,* 881 P.2d 64, 66 (Okla.1993). Similarly, the plaintiff must prove an actual causal connection between the alleged negligence and the injury to recover in a negligence action. *Duncan Brothers v. Robinson,* 294 P.2d 822, 823–4 (Okla. 1956). Moreover, the causal connection cannot be based on "inference upon inference or presumption upon presumption." *Hart v. McVay,* 832 P.2d 822, 824 (Okla.1992)(quoting *Duncan Brothers,* 294 P.2d at 823). Thus, in order to prevail in this appeal, the record must demonstrate that plaintiff established a prima facie case against defendants, including prima facie proof of the causative elements for manufacturer's products liability or negligence.

Plaintiff's theory that decedent's prior voluntary inhalation of defendants' butane products caused decedent to become addicted, resulting in his subsequent death, is first examined. Defendants, in response to the first prong of plaintiff's argument, assert via their experts that there is no scientific evidence establishing that butane inhalation is habit forming. Defendants presented affidavits of two experts in forensic toxicology. One expert stated, "I can state with reasonable scientific certainty that the inhalation of butane is neither addictive nor habit forming."

Plaintiff, in response to defendants' experts, first stated he was not prepared to address the issue because there was no scientific evidence. Subsequently, plaintiff offered the affidavit of an associate professor engaged in scientific research concerning the nature of drugs, including butane and other solvents, and their effects on behavior. This affidavit states, "it is probable that the prior inhalation of butane is a causal factor in the subsequent use of butane."

In examining plaintiff's second theory that decedent's prior use of these defendants'

---

**1.** Quik Trip was named as a defendant in an amended petition after plaintiff had erroneously named Git–N–Go in the original petition.

**2.** The other defendants remain in the lawsuit, but are not involved in this appeal.

products caused death by predisposing him to the effects of toxic buildup by prior butane usage, defendants' experts stated that prior butane usage does not cause physiological or anatomical changes that make death more likely. In other words, usage effects are not cumulative. Defendants' second expert in toxicology stated, "I can state that to my knowledge there is no scientific evidence which establishes a causal relationship between butane abuse and chronic toxicity. Abuse of butane is akin to Russian Roulette, i.e., prior use does not provide protection from nor predispose one to death, due to anatomical and/or physiological changes."

There was, therefore, no definitive evidence presented that these defendants' product caused the death.[3] The evidence of record indicates that "butane," a generic hydrocarbon, packaged by another party defendant, was used prior to death. Further record examination reveals that these defendants' product was not used by the deceased at or near his collapse and subsequent death.

However, the crucial factor here upon which this decision turns for these defendants is whether *their products' use caused decedent's death.* The only evidence linking the deceased and these defendants' products is the father's affidavit.[4]

■ The fact that cans of butane containing defendants' names were found in the deceased's room is wholly insufficient to establish that he was addicted to butane inhalation or even that he had voluntarily inhaled

butane from these containers. Thus, plaintiff failed to establish his causation theory based on either the deceased's prior use of these defendants' products or that there existed an addiction to butane which resulted in death.

■ A party cannot defeat a motion for summary judgment on the bare contention that an issue of facts exists; it must be established that there is evidence available to justify a trial on the issue. *Stephens v. Yamaha Motor Co.,* 627 P.2d 439, 441 (Okla. 1981). Plaintiff has failed, under either of his theories, to make the prima facie showing of causation required to defeat defendants' motion for summary judgment. Reasonable minds could not disagree regarding the facts and any inferences to be drawn from the facts. Thus, we therefore affirm the trial court's entry of summary judgment in favor of defendants Ronson and Scripto–Tokai.

AFFIRMED.

TAYLOR, P.J., and REIF, J., concur.

---

3. The evidence was that death occurred due to butane toxicity caused by the voluntary inhaling of butane from cans bearing the "Zippo" brand, not from cans bearing these defendants' brand names.

4. The affidavit states in part, "Cans of butane manufactured and/or distributed with the brand names 'Ronson' and 'Scripto' were found in his room. This indicated that he had used these cans on prior occasions."