1998 OK CIV APP 28

1998 OK CIV APP 28

**FARMERS INSURANCE COMPANY, INC., Plaintiff/Appellee,**

v.

**Melvin L. SMITH and Eleanor Smith, husband and wife, Defendants/Appellants.**

**No. 88458.**

Court of Civil Appeals of Oklahoma, Division No. 1.

July 15, 1997.

Rehearing Denied Aug. 19, 1997.

Certiorari Denied March 11, 1998.

---

**1.** *See, e.g.* Matthew 7:7.

**2.** All for Love. Prologue

James A. Scimeca, Miller, Dollarhide, Dawson & Shaw, Oklahoma City, for Appellants.

Duncan Parks, Elliot, Morris and Parks, Oklahoma City, for Appellee.

JOPLIN, Judge:

¶1 Melvin and Eleanor Smith seek review of the trial court's order granting summary judgment to Farmers Insurance Company in Farmers' action to foreclose its mortgage on property owned by the Smiths. Finding no error in the trial court's order, we affirm the judgment below.

¶2 In December 1988, the Smiths entered into a contract with Farmers to insure the Smiths' home, and the Smiths paid the premium for the first year. The following year—upon Farmers' notice to the Smiths' mortgagee that the Smiths' insurance was about to expire—the mortgagee paid the insurance premium due and owing, charging the Smiths therefor and adding the amount to the Smiths' note. In November 1990, Farmers sent notice to the Smiths of the annual insurance premium payment due. Receiving no response, Farmers sent further notice in December and several times in January. The latter notices advised the Smiths that their insurance had expired on Decem-

ber 26, 1990. On January 21, 1991, Farmers sent notice to the mortgagee that the insurance on the Smiths' home had expired and coverage would extend to the mortgagee until February 6, 1991. On January 29, 1991, the Smiths' home was substantially destroyed by fire.

¶3 The Smiths submitted a claim to Farmers under the insurance contract for the fire damage. Farmers denied the claim based on the Smiths' lack of insurance at the time of the fire. Soon thereafter—in the spring of 1991—Farmers satisfied the mortgage indebtedness with the Smiths' mortgagee pursuant to Farmers' right to pay the indebtedness and receive an assignment of the note and mortgage under a standard loss payable clause in the insurance contract. The insurance policy provided:

> If we pay the mortgagee for any loss and deny payment to you: ...
>
> b. at our option, we may pay of the entire mortgage debt to the mortgagee. In this event, we receive full transfer of the mortgage.
>
> ...
>
> If [Insurer] shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage.

Although the Smiths tendered a mortgage payment to mortgagee subsequent to the fire, the mortgagee returned the payment to the Smiths.

¶4 More than a year after the fire, the Smiths began rebuilding their home. In 1992, after numerous problems obtaining the assignment of the note and mortgage from mortgagee (ultimately filed of record in June 1993), Farmers attempted to contact the Smiths requesting payments on the note. The Smiths moved back into their home in January 1993, and Farmers notified the Smiths that payment was due and owing on the note. The Smiths failed to tender any payments after the returned payment in 1991 and Farmers initiated the present foreclosure action in 1994. The Smiths counterclaimed for breach of contract and bad faith. The trial court found Farmers entitled to judgment as a matter of law on its foreclosure claim, and against the Smiths on their claims for breach of contract and bad faith. The Smiths appeal, and the matter stands submitted for accelerated appellate review on the trial court record.[1]

¶5 A standard loss payable clause in an insurance contract between an insurer and an insured mortgagor establishes a separate and distinct contract between the insurer and the mortgagee. 10A *Couch on Insurance 2d* (Rev.Ed.1982), § 42.728. In recognition of this principle, the Oklahoma Supreme Court held in 1989 that the standard loss payable clause in such an insurance contracts (or standard mortgage clause) "expressly protects the mortgagee against the mortgagor's misdeeds ... and subrogates the [insurer] to the mortgagee's rights versus the mortgagor when payment is made to the mortgagee." *Conner v. Northwestern Nat. Cas. Co.*, 1989 OK 85, 774 P.2d 1055, 1056.

¶6 In the present case, the insurance contract included the standard loss payable clause, and the Smiths' insurance coverage indisputably expired prior to the fire due to the Smiths' non-payment of the premium, ending the relationship between the Smiths and Farmers. This did not, however, end the relationship between Farmers and the mortgagee. In this regard, Farmers—pursuant to the terms of the separate contract with the mortgagee—notified the mortgagee of the expiration of the insurance, paid the note, and received an assignment of the note and mortgage. Farmers thus became subrogated to the mortgagee's rights as against the Smiths; i.e., the right to foreclose upon non-payment of the note. The Smiths did not dispute non-payment, therefore entitling Farmers to judgment on its foreclosure action as a matter of law.

---

1. Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S. Supp.1993, Ch. 15, App. 2.

¶ 7  We further find no error in the trial court's grant of summary judgment to Farmers on the Smiths' counterclaim. The Smiths alleged Farmer's breach of contract and bad faith in failing to pay for the fire loss under the insurance policy. However, as we have previously noted, the contract of insurance had expired at the time of the fire. The record reflects notices sent by Farmers advising the Smiths in November that the premium was due December 26, 1990, and further notices of expiration sent to the Smiths in January 1991 prior to the fire. However, the record reflects the Smiths failed to adduce *facts* that they were unaware that the premium was due or that they timely paid such premium; that is, facts sufficient to justify trial on the issue of whether the insurance policy was in effect at the time of the fire.

¶ 8  In this latter regard, the Smiths attempt to shift the burden to mortgagee for payment of the insurance premium, arguing the mortgagee received notice from Farmers prior to the fire regarding the February 6, 1991 cancellation of the policy vis-a-vis the *mortgagee's* interest thereunder, but offer no evidentiary material to support this contention. That is, the Smiths failed to offer any evidence—contractual or otherwise—to suggest the mortgagee's not the Smiths' liability for payment of the premium, the mortgagee having retained its interest under its separate contract with Farmers.[2] We further reject the Smiths' argument that because Farmers failed to immediately contact the Smiths—subsequent to the Smiths' knowledge that Farmers had acquired the note and mortgage demanding payment thereon—that the Smiths no longer had any liability on the note. In that regard, there is no evidence in the record that Farmers intended to waive its rights under its assignment, nor that the Smiths reasonably relied on Farmers' failure to immediately contact the Smiths as to the latter's liability on the note especially where, as here, Farmers attempted—initially unsuccessfully—to contact the Smiths, and the Smiths admit knowledge of the assignment. *See, e.g., Dalton v. Le-*

*Blanc,* 350 F.2d 95 (10th Cir.1965); *Federal Deposit Ins. Corp. v. Palermo,* 815 F.2d 1329 (10th Cir.1987).

¶ 9  A party may not rely on the allegations of his pleadings or the bald contention that facts exist to defeat a motion for summary judgment. *Zaragosa v. Oneok, Inc.,* 1984 OK CIV APP 53, 700 P.2d 662; *Culpepper v. Lloyd,* 583 P.2d 500 (Okla.1978). Where one party moves for summary judgment and sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wagner,* 1984 OK CIV APP 37, 692 P.2d 61; *Stephens v. Yamaha Motor Co., Ltd., Japan,* 1981 OK 42, 627 P.2d 439. Under the facts and circumstances of the present case, we find insufficient evidence adduced by the Smiths to justify trial on the issue of Farmers' alleged breach of contract and bad faith. Accordingly, we find no error by the trial court in granting summary judgment to Farmers on the Smiths counterclaim.

¶ 10  The Smiths lastly challenge the trial court's order awarding attorney's fees to Farmers. We go no farther than to note that both the mortgage and Oklahoma statutory law authorize such an award. 42 O.S. § 176; *Sisney v. Smalley,* 1984 OK 70, 690 P.2d 1048 (attorney fees not awarded unless provided for by contract or statute).

The order of the trial court granting summary judgment to Farmers is therefore AFFIRMED.

BUETTNER, J., concurs.

HANSEN, P.J., concurs in part and dissents in part.

---

2.  The Smiths alleged that because the mortgagee paid the last year's insurance premium, the Smiths relied on the mortgagee to pay the current year's premium. However, the mortgagee is not a party to this action, and we cannot adjudicate rights of non-parties.