1997 OK 138

**TRAVEL STOP, INC. Appellant,**

v.

**ALLIANCE GENERAL INSURANCE COMPANY, a foreign corporation, and Oklahoma Business Insurers Agency, Inc., Appellees.**

**No. 86973.**

Supreme Court of Oklahoma.

Nov. 4, 1997.

Rehearing Denied Jan. 21, 1998.

D. Lynn Babb and Paul G. Summars, Pierce, Couch, Hendrickson, Baysinger & Green, Oklahoma City, and Lawrence A. Waks, Sutherland, Asbill & Brennan, Austin, Texas, for Appellant, Travel Stop, Inc.

Neal B. Stauffer and Kent B. Rainey, Selman & Stauffer, Inc., Tulsa, for Appellee, Alliance General Insurance Company.

William J. Bergner and Debra L. Chionopoulos, Oklahoma City, for Appellee, Oklahoma Business Insurors Agency, Inc.

WATT, Justice.

## FACTS AND PROCEDURAL HISTORY

¶1 On August 19, 1993 a fire destroyed a commercial building located at Texanna road

on Highway 69 in Eufala, Oklahoma. The building was under lease from Travel Stop, Inc. to Joey Myers, who was using it as a restaurant and night club, which provided live male and female entertainment. Travel Stop had a lease on the building from its owner, Antec, Inc. Neither Joey Myers nor Antec is a party to this action. Travel Stop's lease with Antec required Travel Stop to maintain insurance on the building, and Travel Stop's sublease with Joey Myers imposed on Myers the same duty to keep the property insured. It is undisputed that the Travel Stop–Joey Myers lease required Myers to obtain fire insurance on the premises and have Travel Stop named as loss payee under the policy.

¶2 Joey Myers contacted Defendant, Oklahoma Business Agency, Inc., an insurance agent to obtain the required insurance on the premises. Oklahoma Business Agency then asked Westphalen, Bradley & James, Inc., a wholesale surplus lines insurance broker, to solicit bids for the insurance coverage sought. Westphalen contacted Defendant Alliance General Insurance Company, who wrote the policy at issue here. In the "Additional Interests" section of the insurance application form that Joey Myers submitted to Oklahoma Business Agency, he listed Travel Stop as "Lessor." Next to the words on the form "certification required" Myers put the word "yes." Oklahoma Business Agency issued a binder of insurance on April 15, 1993, binding Alliance to issue the insurance, in which it listed Travel Stop's name and address. On the binder form, in a block next to the block in which Travel Stop was named, was a series of check boxes to describe Travel Stop as either a "mortgagee," "loss payee," or "additional insured." None of the check boxes was marked. On one copy of the binder the term "copy-mtgee" was written by hand in the block in which Travel Stop's name appeared. On June 11, 1993, shortly before the first binder expired, a second binder was issued, which again contained Travel Stop's name but did not indicate Travel Stop's interest as that of mortgagee, loss payee, additional insured, or otherwise.

¶3 Travel Stop claims that shortly before the first binder expired its president, Floyd Percival, contacted Oklahoma Business Agency, asked about the policy, and said that the policy was to protect Travel Stop's interests. Floyd Percival had written Oklahoma Business Agency on June 3, 1997 asking if the policy was in effect and, if so, to send a copy to Travel Stop. Oklahoma Business Agency sent a copy of the second binder, issued June 11, 1193, to Travel Stop. Alliance issued the policy pursuant to the second binder, but the policy failed to reflect Travel Stop's interests in the property, and no copy was sent to Travel Stop. Copies of the application and both binders were in Alliance's files before the fire.

¶4 The property was destroyed by fire in August 1993 under circumstances that Alliance's investigator found suspicious. Travel Stop made a claim under the policy, which Alliance denied.

¶5 Travel Stop sued Alliance and Oklahoma Business Agency, seeking reformation of the insurance contract against Alliance, and alleging that Oklahoma Business Agency had negligently failed to procure the coverage Travel Stop had requested. The trial court granted Alliance's and Oklahoma Business Agency's motions for summary judgment on the ground that there was no disputed issue of any material fact alleged by Travel Stop. In a two-to-one opinion the Court of Civil Appeals, Division 1, affirmed the trial court, and we granted certiorari. Alliance filed an answer to Travel Stop's Petition for Certiorari, but Oklahoma Business Agency did not.

## ISSUE

¶6 Do the evidentiary materials support the trial court's conclusion that there are no disputed issues of material fact, which, if resolved in Travel Stop's favor by the trier of fact, would support judgments against Alliance and Oklahoma Business Agency?

We answer "no" to the issue presented.

## DISCUSSION

*The Standard of Review*

■ ¶7 We are obliged to reverse a summary judgment when it appears that

there are disputed facts. "All inferences must be taken in favor of the opposing party." *Seitsinger v. Dockum Pontiac, Inc.,* 1995 OK 29 ¶ 7, 894 P.2d 1077. In *Gray v. Holman,* 1995 OK 118 ¶ 7, 909 P.2d 776 we held that, at the summary judgment stage, whether one is another's agent to obtain insurance is a question of fact to be resolved by the trier of fact. A parol agreement between an insurance agent and one to be insured under an insurance policy may form the basis of insurer's liability "without the issuance and delivery of a policy." *Glens Falls Insurance Company v. Johnson,* 403 P.2d 229, 233 (Okla.1965).

¶ 8 Alliance claims that the failure of the binder to describe Travel Stop's interest in the property, and the fact that the policy did not contain Travel Stop's name entitled it to summary judgment. This argument ignores our obligation to resolve all factual inferences in favor of Travel Stop. Travel Stop claims that its president told Oklahoma Business Agency that the policy was to protect Travel Stop's interests, and it is undisputed that Alliance knew that Travel Stop had an interest in the property.

*Disputed Issues of Material Fact Remain Unresolved*

¶ 9 Because of our analysis of the law concerning the requisite showing necessary to support a summary judgment we reject Alliance's argument that the failure of Oklahoma Business Agency to describe the nature of Travel Stop's interest in the property other than as "lessor" entitles Alliance to judgment as a matter of law. Travel Stop was named in the binders prepared by Oklahoma Business Agency but the nature of Travel Stop's interest was ambiguously stated. These ambiguities could be resolved by the trier of fact in a way to support the inference that Travel Stop and Oklahoma Business Agency had agreed to include Travel Stop as a loss payee, mortgagee, or additional insured on the Alliance policy. These ambiguous facts would also support the inference that the paper work submitted by Oklahoma Business Agency to Alliance put Alliance on notice that Travel Stop had an insurable interest in the property that the insurance policy should protect. Such a determination by the trier of fact would support a judgment either against Alliance for reformation of the policy or against Oklahoma Business Agency for negligently failing to see that Travel Stop's interest was protected by the Alliance policy.

¶ 10 Alliance relies on *Stephens v. Yamaha Motor Co., Ltd., Japan,* 1981 OK 42, 627 P.2d 439 in support of its contention that summary judgment was proper here. In *Stephens* we held that the trial court had properly granted summary judgment for Conoco Oil Company in a case where a motorcyclist was injured as the result of claimed negligence of the operator and employees of a service station. The station was a Conoco station, but the undisputed proof was that Conoco had no right to control the station's operations, and did not do so. The only property at the station owned by Conoco was its sign. In that case there was no fact, disputed or undisputed, that a trier of fact could have used to impose liability on Conoco. Here, however, there is evidentiary material that could support the trier of fact's conclusion either that Oklahoma Business Agency had negligently failed to provide Alliance with the necessary information for Travel Stop to be protected or that there was an agreement among the parties that the policy would protect Travel Stop's rights.

¶ 11 In *Shebester v. Triple Crown Insurers,* 1992 OK 20, 826 P.2d 603 we answered a question certified to us by the United States Court of Appeals for the Tenth Circuit. There, an agent had insured a horse in his own name that belonged to the plaintiff. The horse died and the plaintiff made a claim to the insurance company. The insurer paid the agent, although it was on notice of plaintiff's claimed ownership of the animal. We recognized the principle that "payment to the named beneficiary with notice of another person's adverse claim renders an insurer liable to the legally entitled claimant for the amount it wrongfully paid." 1992 OK 20 ¶ 19, 826 P.2d 603.

¶ 12 Alliance seeks to distinguish *Shebester* because it claims that the record is devoid of evidence that would show Alliance's knowledge of Travel Stop's insurable interest. As

noted above, there is evidence in the record that would support a conclusion by the trier of fact that Alliance knew of Travel Stop's insurable interest in the property.

¶ 13 In *Conner v. Northwestern National Cas. Co.*, 1989 OK 85, 774 P.2d 1055 plaintiff, a mortgagee, was not named as a loss payee in a policy of insurance but the policy contained a contract of sale clause that named the mortgagee as the seller of the property. The insurance company settled with the named insured for significantly less than the amount of the loss. The mortgagee was not a party to the settlement. We rejected the insurance company's argument that because the contract of sale clause was not the equivalent of a loss payable clause the mortgagee had no rights under the policy. We held that the contract of sale clause "clearly operated as notice to the Company that Conner had an insurable interest in any loss proceeds payable under the policy." 1989 OK 85 ¶ 4, 774 P.2d 1055.

¶ 14 Alliance resists *Conner* on the ground that the contract of sale clause there expressly stated that the mortgagee was an insured under the policy, while Travel Stop was not named in the Alliance policy. Alliance's suggested distinction ignores the fact that the application and binders submitted to it contained Travel Stop's name and stated that it was lessor of the property. Alliance claims that this information did not put it on notice to determine the nature of Travel Stop's interest in the insurance. We disagree because the fact that Travel Stop was named in the binders, coupled with the other facts discussed above, creates a question of fact as to whether an agreement had been reached among the parties, including Alliance, to insure Travel Stop's interest in the property. Such a factual finding by the trier of fact would entitle Travel Stop to judgment against Alliance for reformation of the insurance policy.

¶ 15 Alliance correctly observes that 36 O.S.1996 Supp. § 1443.B provides that a surplus lines insurance broker, such as Westphalen "shall be regarded as representing the insured or the insured's beneficiary and not the insurer." Thus, argues Alliance, Oklahoma Business Agency could not have

acted as Alliance's agent, and Alliance could not be liable for Oklahoma Business Agency's alleged transgressions. While this may be true, it does not answer the inquiry here: what was the objective agreement of the parties as shown by the evidence. This question must be answered by the trier of fact.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS OPINION VACATED, SUMMARY JUDGMENT REVERSED, AND MATTER REMANDED TO THE TRIAL COURT WITH INSTRUCTIONS.

KAUGER, C.J., SUMMERS, V.C.J., and HODGES, LAVENDER, OPALA and ALMA WILSON, JJ., concur.

SIMMS and HARGRAVE, JJ., dissent.