Walter HUNNICUTT, Plaintiff–Appellee,

v.

Bennie B. WRIGHT, Jr.,
et al., Defendants,

Bennie B. Wright, Jr., M.D.,
Defendant–Appellant.

No. 92–7102.

United States Court of Appeals,
Fifth Circuit.

March 23, 1993.

Rehearing Denied April 21, 1993.

---

120

L. Carl Hagwood, Campbell, Delong, Hagwood & Wade, Greenville, MS, for defendant-appellant.

Charles M. Merkel, Jack R. Dobson, Jr., Merkel & Cocke, P.A., Clarksdale, MS, for plaintiff-appellee.

Before DUHÉ and DeMOSS, Circuit Judges, and TRIMBLE, District Judge.[1]

TRIMBLE, District Judge.

## BACKGROUND

### PROCEDURAL HISTORY

Plaintiff, invoking the diversity jurisdiction of the court, filed a negligence action in the United States District Court for the Northern District of Mississippi in which he alleged that the defendants were negligent in leaving a screw and flat washer in his body while he underwent a thoracotomy performed by Bennie B. Wright, Jr., M.D. ("Wright" or "Defendant") at the Bolivar County Hospital ("Bolivar") in Cleveland, Mississippi. The screw and washer fell off a surgical instrument manufactured by Baxter Health Care Corporation ("Baxter") and owned by Bolivar. Plaintiff filed suit against Wright, Baxter, and Bolivar. The district court dismissed Bolivar on the grounds of governmental immunity, and Baxter settled plaintiff's claim against it for the sum of $7,500.00.

The district court instructed the jury that if one or more of the nurses were negligent in failing to inspect the surgical instrument from which the screw and washer fell either before, during, or after use in the plaintiff's surgery, and that the conduct of the nurses was a contributing cause of the plaintiff's injuries, then it would be their duty to return a verdict for the plaintiff. The jury returned a verdict for the plaintiff after a trial on the merits in the amount of $50,000.00. The defendant moved for judgment as a matter of law, or, in the alternative, a new trial, and for a reduction of judgment. The district court denied all of defendant's motions. The defendant perfected this appeal from the Final Judgment and from the Order denying his motions.

## FACTS

At the time of the aforesaid operation, plaintiff, Walter Hunnicutt ("Hunnicutt"), was an inmate of the Mississippi State Penitentiary at Parchman, Mississippi. In performing the thoractomy, defendant used a rib approximator ("the instrument") to reposition the plaintiff's ribs at the end of the surgery. Bolivar owned the instrument. Scrub techs employed by Bolivar cleaned, maintained, and sterilized the instrument, which was made available to any surgeon at the hospital for use during surgery. Physicians other than Wright used the instrument.

There is no issue that the instrument when used by Wright functioned properly. Bolivar's procedure to clean, maintain, and sterilize surgical equipment is common to all hospitals. Further, hospitals own surgical equipment used within them and are

1. District Judge of the Western District of Louisiana, sitting by designation.

expected to furnish surgeons with equipment that is clean, sterile, and in proper working order. After surgical equipment is used, scrub techs clean the instruments, maintain them if necessary, and sterilize them. The scrub techs package the sterilized instruments together so that the entire package is taken into surgery and is not opened until immediately prior to surgery so as to maintain a sterile condition.

The instrument in this case required disassembly for proper sterilization. The scrub tech who last cleaned and sterilized the instrument failed to tighten the screw on the ratchet handle as part of his reassembly. Had this been done, the screw and washer would not have fallen off during surgery. Wright admittedly did not examine the instrument prior to use when a scrub tech handed the instrument to Wright in the way that Wright intended to use it, with the screw and washer down and away from his line of sight.

It was not until after the surgical procedure was complete, the incision closed, and the patient was in the recovery room that Wright learned of a missing "screw." Wright and a radiologist examined one of plaintiff's chest x-rays for a screw, but found none. Two round metallic objects were on the x-ray, both of which Wright and the radiologist believed to be EKG leads. Later it was determined that one round object was indeed an EKG lead but the other was a screw and a washer.

Wright, as the surgeon, can direct the activities of the nurses while they are in the operating room. Wright does not employ the nurses, however, and they do not report to him, but rather, to the OR supervisor.

Plaintiff's expert, a general surgeon, testified that it was his opinion that the standard of care of a general surgeon required the surgeon to examine each and every instrument handed to him before use to check to see if the instrument is in proper working order while conducting surgery.

## STANDARD OF REVIEW

In this diversity case, we apply the substantive law of Mississippi. *Erie*

*Railroad Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). We review the trial court's conclusions of law *de novo*. *Pullman–Standard v. Swint*, 456 U.S. 273, 287, 102 S.Ct. 1781, 1789, 72 L.Ed.2d 66 (1982). The jury's findings of fact are reviewed on the whole record and are affirmed if supported by substantial evidence; a scintilla of evidence is insufficient to present a question for the jury, and the jury's finding must be supported by something more than "some evidence." *Boeing Co. v. Shipman*, 411 F.2d 365, 370–74 (5th Cir.1969). In reviewing the jury's findings we look to "the [jury charge] as a whole in the context of the entire case. The judge must instruct the jurors fully and correctly on the law applicable to the case." *Crist v. Dickson Welding, Inc.*, 957 F.2d 1281, 1287 (5th Cir.1992). The district court has broad discretion in this regard; therefore, our review of its charge to the jury is deferential. *Bradshaw v. Freightliner Corp.*, 937 F.2d 197, 200 (5th Cir. 1991). We will reverse a judgment only when "the charge as a whole leaves us with substantial and ineradicable doubt whether the jury has been properly guided in its deliberations." *Stine v. Marathon Oil Co.*, 976 F.2d 254, 259 (5th Cir.1992).

## DISCUSSION

### VICARIOUS LIABILITY

The district court instructed the jury that:

> The Plaintiff also charges in this case that the Defendant, Dr. Wright, would be liable for any negligence of some of the other nurses, some of the other people in the operating room. In that regard, if you find from a preponderance of the evidence that, one, the nurses assisting Dr. Wright in the operation upon Walter Hunnicutt during which the screw and washer were left in his chest, although they were employed by the hospital were directed by the hospital to assist Dr. Wright in the operation, and that they submitted themselves to the direction and control of Dr. Wright with respect to assisting him in the operation,

and that one or more of them were negligent in failing to inspect the rib contractor either before, during, or after use in the Plaintiff's surgery, and that their act was a contributing cause to the Plaintiff's injury, then under those circumstances it would be your sworn duty to return a verdict for the Plaintiff.

Wright contends that this instruction is improper as a matter of law in that a doctor is not vicariously liable for the negligence of a non-employee scrub tech in failing to properly inspect the instrument before its use in surgery. Mississippi law holds a doctor vicariously liable for the negligence of non-employee personnel only when those personnel are performing duties delegated to them by the doctor as his agent. Mississippi law does not impose vicarious liability on a doctor for the negligent acts that non-employee personnel perform in their purely administrative/ministerial capacities as hospital employees.

Wright argues that because of the nature of the hospital's procedures, no doctor is present when the scrub tech cleans and sterilizes instruments prior to placing them into a surgical package. Thus, Wright contends that no doctor has control over the scrub tech when the scrub tech assembles the surgical package, and therefore a doctor cannot be vicariously liable for the scrub tech's actions.

█ Additionally, Wright maintains that even if a doctor is vicariously liable for the negligence of a nurse, he is not vicariously liable when the nurse is performing a purely administrative/ministerial task. Wright claims that the doctor can only be held vicariously liable when he actually exercises control and supervision over a nurse's actions. At all other times, the nurse acts as an agent of her general employer, the hospital, even though she is subject to the directions of a surgeon. Wright urges that the hospital is liable for the negligence of its nurses in performing mere administrative or clerical acts, which acts, though constituting a part of a patient's prescribed medical treatment, do not require the application of the specialized technique or understanding of a skilled physician. The

routine acts of treatment which an attending physician may reasonably assume may be performed in his absence by nurses of a modern hospital as part of their usual and customary duties, and execution of which does not require specialized medical knowledge, are merely administrative acts for which negligence in their performance is imputable to the hospital. *See Clark v. Luther McGill, Inc.*, 240 Miss. 509, 127 So.2d 858, 861 (1961).

█ Wright's contention that the district court did not instruct the jurors fully and correctly on the law applicable to this case appears well founded. Notwithstanding that the evidence of record allows a reasonable juror to determine that Wright is liable for his personal negligence in not properly inspecting the instrument prior to using it, the jury may very well have based their finding of liability on the instruction that they must return a verdict for the plaintiff if they found that the nurse was negligent in inspecting the instrument. The law imposes liability on a physician for the negligence of a nurse only if the nurse committed the negligent acts or omissions pursuant to the direction and control of the physician. The charge as a whole in this case leaves substantial and ineradicable doubt whether the jury was properly guided in its deliberations in that it could have found Wright vicariously liable for conduct of the nurse(s) for which the hospital was actually responsible. This error by the district court warrants a reversal of the verdict and a remand for a new trial on the merits.

## EVIDENCE OF PRIOR CONVICTIONS

█ Defendant claims that the district court improperly sustained plaintiff's Motion in Limine prohibiting defendant from introducing evidence of plaintiff's felony convictions more than ten years ago and of the plaintiff's incarceration during treatment. Rule 609 of the Federal Rules of Evidence prohibits the introduction of evidence of a felony conviction when more than ten years has elapsed since the date of the conviction or of the release of the witness from confinement for that conviction

unless the court determines that the probative value of the evidence outweighs that evidence's prejudicial effect.

 Since a substantial portion of the plaintiff's claim for damages was for the plaintiff's "pain and suffering," defendant asserts that the evidence of the prior convictions was relevant to impeach the credibility of the plaintiff. The relevance of this evidence is borderline at best. Evidence of criminal convictions more than ten years ago has little probative worth in a context such as this; yet, its prejudicial effect is high. The district court has broad discretion in the admission of evidence. *Ramos v. Liberty Mutual Insurance Co.*, 615 F.2d 334, 340 (5th Cir.1980). It cannot be said that the district court abused its discretion in this case.

Defendant next contends that he was unfairly prejudiced when the district court sustained the plaintiff's Motion in Limine prohibiting him from presenting evidence of the plaintiff's incarceration at the Mississippi State Penitentiary at Parchman. The district court, after finding that the probative value was outweighed by its prejudicial effect, excluded this evidence.

At trial plaintiff testified that because of a three and one-half month delay between his first and second surgeries "he continued to pain." Defendant asserts that the evidence of plaintiff's incarceration was relevant to establish the reason for the three and one-half month delay between the time of plaintiff's first and second surgeries. Defendant suggests that had plaintiff been a free man, the second surgery would have occurred much sooner. Thus, defendant contends that plaintiff unfairly presented a sanitized set of facts to the jury.

Once again, the district court is granted broad discretion in the admission of evidence. *Id.* The district court properly weighed the risk of unfair prejudice against probative worth and found the latter wanting. Here, as before, there was no abuse of discretion.

## DAMAGE ISSUES

 This court has already ruled that this matter is to be remanded to the district court for a new trial on the merits, but makes the following observations with respect to issues raised by defendant concerning damages. We note defendant's contention that the district court improperly allowed plaintiff to introduce evidence as to the expense of his surgeries, since the Mississippi Department of Corrections paid all of plaintiff's medical expenses. Mississippi law is clear that an injured party should not recognize a profit from the damages that he has sustained. In *Mississippi Power & Light Co. v. Harrison*, 247 Miss. 400, 152 So.2d 892, 903 (1963), the Mississippi Supreme Court stated:

> In computation of damages, a person is to be made whole, or complete satisfaction is to be made, or he is to receive the value of the property destroyed; it is never contemplated that the injured party should realize a profit from the damages sustained.

The United States District Court for the Northern District of Mississippi, interpreting Mississippi law, noted:

> An elementary but cardinal rule in allowing damages is that the injured party shall be made whole and receive full compensation for the injury, but that he is not to derive profit from the amount awarded.

*Cook Industries, Inc. v. Carlson*, 334 F.Supp. 809, 816 (N.D.Miss.1971). The district court improperly allowed the plaintiff to present evidence of medical expenses that he did not, in fact, pay. As the Mississippi Department of Corrections paid these expenses, the district court should not have permitted the plaintiff to introduce evidence as to their amount.

 Finally, defendant contends that the district court erred in that it did not reduce the amount of the judgment against defendant by the amount of plaintiff's settlement with Baxter. Defendant points out that it is elementary hornbook law that:

> There can be no double recovery of the amount of damages which one has sustained. Consequently, the party injured may release or settle with one joint tort feasor or joint contract debtor and then sue the other, who is entitled to be given credit for the amount already recovered.

Parker, *Mississippi Law of Damages*, § 17–10 at 236. All of the Mississippi au-

thorities on this point clearly and unequivocally state that where a party settles with one defendant, any remaining defendant receives credit for the settlement received from the released defendant. *See Bailey v. Delta Electric Light, Power & Manufacturing Co.*, 86 Miss. 634, 38 So. 354 (1905); *Medley v. Webb*, 288 So.2d 846, 848–49 (Miss.1974); and *Gillespie v. Brewer*, 10 So.2d 197 (Miss.1942).

## CONCLUSION

While Mississippi case law in this area is somewhat sparse, no case even remotely suggests that a surgeon is liable for the negligence of hospital personnel in their ministerial/administrative capacity. As the jury may have imposed liability on Wright solely because of the district court's instruction that they must return a verdict in plaintiff's favor if they found that the nurse was negligent in inspecting the instrument, this court must REVERSE their judgment and REMAND this matter to the district court for a new trial on the merits. It is so ordered.