# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 11, 2024

Lyle W. Cayce
Clerk

———————

No. 23-10635

———————

John Craig First, *Individually*, *also known as* Craig First,

*Plaintiff—Appellant*,

*versus*

Rolling Plains Implement Company, Incorporated; AGCO Corporation; AGCO Finance, L.L.C.; AGCO Service, *a Subsidiary of AGCO Corporation*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:21-CV-6

———————————————————————

Before Higginbotham, Stewart, and Higginson, *Circuit Judges*.
Patrick E. Higginbotham, *Circuit Judge*:

Defendant Rolling Plains sold an agricultural combine manufactured by AGCO Corporation to John Craig First. Asserting that he was misled as to the combine's quality and condition, First filed suit. We VACATE and REMAND in part and AFFIRM in part.

# I.

## A.

Defendant AGCO Corporation manufactures agricultural combines used in hay and grain fields. In 2015 Defendant Rolling Plains, an authorized reseller of AGCO Corporation products, approached First about purchasing a combine. Its employee Jack Handley told First that, as the Combine was part of AGCO Corporation's Certified Pre-Owned Program, it was "vigorously inspected" and "Darned Near Good As New," that the Combine had roughly 400 hours on it, and had "never been to the field." Unbeknownst to First, this was false—the Combine was not Certified Pre-Owned and had been used for over 1,200 hours.

Handley also told First the Combine was covered by a Protection Plan, provided by Defendant Wesco and administered by Defendant AMT, until April 13, 2017. The Protection Plan reiterated Handley's representations about the Combine; its first page stated that the Combine had 438 "current engine hours." Relying on Handley's representations, First purchased the Combine in the spring of 2016. Defendant AGCO Finance financed the purchase.

Almost immediately around Memorial Day weekend of 2016, First experienced problems with the Combine's computer, sieves, and rotor gearbox. Believing he bought a "lemon," First sought technical assistance from Rolling Plains. When the problems continued into 2019, First turned to Butler Machinery, a third-party repair shop. Butler informed First that the Combine had an extensive repair history and over 900 hours—far eclipsing what Handley had stated. First then turned to the courts.

**B.**

On September 17, 2020, First sued AGCO Corporation, AGCO Service, AGCO Finance, AmTrust, Wesco, AMT, and Rolling Plains in the District Court of Oklahoma County. Defendants removed to federal court in Oklahoma and filed motions to dismiss. On January 26, 2021, the federal district court granted the motions without prejudice and transferred the case to the Northern District of Texas.

After amending his complaint, First asserted state law claims of actual and constructive fraud, breach of the warranty of description, and failure of essential purpose. Defendants filed a consolidated motion to dismiss. The district court granted the motion in part and dismissed First's fraud claims against AGCO Corporation, AGCO Service, AmTrust, Wesco, and AMT for failing to allege fraud with particularity.

First amended his complaint a third time and asserted, *inter alia*, claims of: (1) actual fraud against Rolling Plains; and (2) breach of warranty and failure of essential purpose against Rolling Plains and AGCO Finance. AGCO Finance filed a motion for summary judgment, arguing it made no warranties and was not liable for those made by Rolling Plains. The district court agreed and granted AGCO Finance's motion. Rolling Plains also filed a motion for summary judgment arguing that First's fraud claim was barred by Oklahoma's two-year statute of limitations as First knew or should have known of the alleged fraud by Memorial Day 2016 but did not file suit until September 17, 2020.[1] The district court found that the limitations question presented a genuine dispute of material fact and denied summary judgment.

---

[1] OKLA. STAT. tit. 12, § 95(A)(3).

The case proceeded to trial on First's fraud, breach of warranty, and failure of essential purpose claims. Rolling Plains argued before the jury that these claims were barred by the statute of limitations as First knew or should have known of the alleged fraud by Memorial Day 2016 but did not initiate suit until September 17, 2020, over four years later. Rolling Plains requested that the jury identify when First knew or should have known of the fraud. First objected to a charge asking the jury to identify a specific accrual date as the record evidence spoke "in terms of relative time frames," such as the "harvest of 2017 or spring of 2018," instead of particular dates. The trial judge presented the question to the jury, asking on the special verdict form: "What is the date that Plaintiff knew or reasonably *should have known of the fraud?*"[2]

During deliberations, the jury asked the court: "What was the date that Mr. First found out from Butler that the engine really had 990 hours on it?" The court responded that First testified to having learned the Combine had over 990 hours in August 2019. Ultimately, the jury determined that First knew, or should have known, of Rolling Plains's fraud by April 13, 2017, over three years before First brought suit. It also returned a $96,000 verdict on both the fraud and failure of essential purpose claims against Rolling Plains, but found that Rolling Plains had not breached its warranty of description.

Rolling Plains moved for judgment as a matter of law, asserting First's claims were barred by the statute of limitations based on the April 13, 2017 date. The district court agreed with Rolling Plains, holding that sufficient evidence supported the jury's findings regarding the April 13, 2017 date and entered judgment in favor of Rolling Plains.

---

[2] The jury charge, however, instructed that "[l]imitations begins on the date the plaintiff knew or reasonably *should have known of the injury and its cause.*"

First now appeals three orders: (1) the order granting Rolling Plains's motion for judgment as a matter of law; (2) the district court's order granting AGCO Corporation, AGCO Service, and AGCO Finance's motion to dismiss the fraud claims with prejudice; and (3) the order granting summary judgment in favor of AGCO Finance on the breach of warranty and failure of essential purpose claims. We address these issues in order.

## II.

As jurisdiction here rests on diversity of citizenship, we apply the choice of law rules of the forum state: Texas.[3] "Texas courts honor the 'party autonomy rule' that parties can agree to be governed by the law of another state."[4] Here, the parties agreed to be governed by Oklahoma law.[5] "When evaluating issues of state law, we look to the decisions of the state's highest court."[6]

## III.

We turn first to the district court's grant of Rolling Plains's motion for judgment as a matter of law on Oklahoma's two-year statute of limitations. We find the verdict unsupported by the evidence, and accordingly vacate and remand for retrial on when First's cause of action accrued.

---

[3] *Nix v. Major League Baseball*, 62 F.4th 920, 932 (5th Cir.), *cert. denied*, 144 S. Ct. 165 (2023).

[4] *Exxon Mobil Corp. v. Drennen*, 452 S.W.3d 319, 324 (Tex. 2014); Restatement (Second) of Conflict of Laws § 187 (1971).

[5] The Installment Contract provides that "[t]he law of the state of Buyer's address . . . shall govern all matters relating to the validity, effect and enforcement of this Contract." First listed an Oklahoma address.

[6] *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (citation omitted).

## A.

"When a case has been tried by a jury, a motion for judgment as a matter of law is a challenge to the legal sufficiency of the evidence underlying the jury's verdict."[7] "The jury's findings of fact are reviewed on the whole record and are affirmed if supported by substantial evidence; a scintilla of evidence is insufficient to present a question for the jury . . . ."[8] This court should "consider all of the evidence, drawing all reasonable inferences and resolving all credibility determinations in the light most favorable to the non-moving party."[9]

## B.

Oklahoma's two-year statute of limitations for fraud claims does not begin until the fraud is discovered, i.e., "when, in the exercise of reasonable diligence, it could have or should have been discovered."[10] To prove that First knew or should have known of the fraud by Memorial Day 2016, Rolling Plains presented the following evidence: (1) the Protection Plan expired on April 13, 2017; (2) testimony that the Combine malfunctioned around Memorial Day 2016; and (3) statements by First's employee, Virgil Berry, that the Combine had "gremlins" and "demons." Because First did not file suit until September 17, 2020, Rolling Plains maintained that First's fraud claim was barred by the limitations period.

---

[7] *Hartford Fire Ins. Co. v. City of Mont Belvieu, Tex.*, 611 F.3d 289, 294 (5th Cir. 2010) (citing *Streber v. Hunter*, 221 F.3d 701, 721–22 (5th Cir. 2000)).

[8] *Hunnicutt v. Wright*, 986 F.2d 119, 122 (5th Cir. 1993) (citing *Boeing Co. v. Shipman*, 411 F.2d 365, 370–74 (5th Cir. 1969)).

[9] *Flowers v. S. Reg'l Physician Servs. Inc.*, 247 F.3d 229, 235 (5th Cir. 2001) (quoting *Brown v. Bryan Cnty., Okla.*, 219 F.3d 450, 456 (5th Cir. 1997)).

[10] OKLA. STAT. tit. 12, § 95(A)(3); *McCain v. Combined Commc'ns Corp. of Okla., Inc.*, 1998 OK 94, ¶ 8, 975 P.2d 865, 867.

## C.

We find that the evidence presented was insufficient to support the jury's chosen date of April 13, 2017. As an initial matter, there is a disconnect between the trial evidence and the jury charge. Statutes of limitation are necessarily date-specific, but the trial evidence spoke in general terms. Witnesses referred to holiday weekends, seasons, and months when describing the malfunctions, but the jury was tasked with identifying a specific date that began the limitations period. The jury was asked to select a specific date without the evidentiary basis to do so. Its confusion is evident from its inquiry to the court, asking "the date that Mr. First found out from Butler that the engine really had 990 hours on it." The court's response ("August 2019") provided no further guidance on the specific date.

The jury chose the only date presented as a day, month, and year: the Protection Plan's expiration date. But the Protection Plan's expiration date cannot support the verdict because it is temporally unrelated to any pertinent fact that would cause First to suspect *fraud*. It is undisputed that the Combine malfunctioned over Memorial Day 2016 but this would not have caused First to suspect fraud. Trial witnesses testified that the main issue at that time—computer problems that caused the engine to idle—was part-and-parcel of setting up the Combine.[11] Further testimony explained that maintenance issues with combines are "common" and often take time to "straighten out." First, an experienced harvester who worked with combines his whole

---

[11] Nor is this an instance where the consumer failed to perform his or her due diligence. To the contrary, First inspected the Combine multiple times before purchasing it. First testified that he visually inspected the machine, looked under the hood, reviewed the purported hours as presented on the computer, and examined the Combine's component parts. Based on this inspection, First believed the Combine's condition matched that represented to him. At the time of purchase, therefore, reasonable diligence did not cause First to suspect fraud.

life, went so far as to say that maintenance issues were "routine" and did not suggest fraud. Similarly, Berry was not concerned because "a lot of times new equipment has problems, but we figured they would work them [sic] out."[12] Rolling Plains fostered this understanding by assuring First that any problem "would work itself out" and encouraging First to continue using the Combine in the meantime. Because maintenance issues were expected, First would not then reasonably suspect fraud from these routine repairs of used equipment.

Moreover, the jury's selected date—April 13, 2017—occurred almost one year after the Memorial Day 2016 malfunctions. Rolling Plains did not identify additional events during this year that would cause First to suspect fraud. The resulting disconnect between the jury's selected date and any incidents giving rise to a suspicion of fraud renders the verdict unsupported.

In sum, we are not persuaded that the record supports the jury's verdict. Thus, we remand for retrial on whether First's fraud claim is barred by the statute of limitations.[13] A retrial will provide further clarity on the essential dates for the jury.

## IV.

We turn next to whether the district court erred by granting AGCO Corporation, AGCO Service, and AGCO Finance's motion to dismiss the

---

[12] Berry's testimony as to "gremlins" cannot support the verdict for the same reason: harvesters expect problems and presume any quirks will work themselves out.

[13] No party challenges the jury's independent factual finding that First was entitled to $96,000 in actual damages. We say nothing that strikes at that award. It is not apparent that the remand on the limitations issue requires a new trial of the jury award on damages should First prevail on the limitations question, a determination we leave to the sound discretion of the able district court.

fraud claims for lack of particularity. Relatedly, First also argues the district court erred by dismissing his claims with prejudice.

Grants of a motion to dismiss are reviewed de novo.[14] We accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff.[15] Federal Rule of Civil Procedure 9 requires fraud allegations to be pleaded with specificity.[16] "Put simply, Rule 9(b) requires 'the who, what, when, where, and how' to be laid out."[17] This Circuit interprets Rule 9(b) "strictly,"[18] and "we apply the rule with force, without apology."[19]

## A.

Under Oklahoma law, there are two types of fraud.[20] Actual fraud requires intentional deception and includes suggestions or assertions of false facts by "a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce [another] to enter into the contract."[21] Constructive fraud occurs when a person, "[i]n any breach of

---

[14] *Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011) (citing *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).

[15] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation and quotation omitted).

[16] Fed. R. Civ. P. 9(b).

[17] *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (citing *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

[18] *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997)).

[19] *Williams*, 112 F.3d at 178.

[20] *Sutton v. David Stanley Chevrolet, Inc.*, 2020 OK 87, ¶ 21, 475 P.3d 847, 852, *as corrected* (Oct. 21, 2020) (citing *Patel v. OMH Medical Ctr., Inc.*, 1999 OK 33, ¶ 34, 987 P.2d 1185).

[21] Okla. Stat. tit. 15, § 58.

duty which, without an actually fraudulent intent, gains an advantage to the person in fault, or any one claiming under him, by misleading another to his prejudice."[22]

We find that the complaint fails to state a claim of actual fraud against AGCO Corporation, AGCO Service, or AGCO Finance because it does not identify false misrepresentations made by these entities. At no point does the complaint allege AGCO Corporation, AGCO Service, or AGCO Finance spoke with First, much less told him that the Combine had 438 hours; as First concedes on appeal.[23]

Lacking direct statements from these Defendants, First alternatively argues that AGCO Corporation is liable for Rolling Plains's employee Jack Handley's statements that the Combine was Certified Pre-Owned. But we cannot impute Handley's statements to AGCO Corporation. Handley worked for Rolling Plains, a different company and legal entity. "Corporations are distinct legal entities, and generally one corporation will not be held responsible for the acts of another."[24] Moreover, allegations that Handley was "Defendants' authorized representative" are conclusory and

---

[22] Okla. Stat. tit. 15, § 59.

[23] At several points, the complaint suggests AGCO Service and AGCO Finance are liable purely because they are subsidiaries of AGCO Corporation. Allegations of common ownership and shared profits, without more, cannot state a claim for fraud because these claims fail Rule 9(b)'s particularity requirement for failure to set out the "who, what, when, where, and how." *Shandong Yinguang Chem.*, 607 F.3d at 1032. This argument also runs afoul of the common understanding that "[c]orporations are distinct legal entities, and generally one corporation will not be held responsible for the acts of another." *Gilbert v. Sec. Fin. Corp. of Okla.*, 2006 OK 58, ¶ 22, 152 P.3d 165, 175 (citations omitted), *abrogated on other grounds by Montgomery v. Airbus Helicopters, Inc.*, 2018 OK 17, 414 P.3d 824; *id.* (identifying basis of alter-ego liability); *see generally Gabler v. Holder & Smith, Inc.*, 2000 OK Civ. App. 107, 11 P.3d 1269 (considering franchise agreements).

[24] *Gilbert*, 2006 OK ¶ 22, 152 P.3d at 175.

cannot establish that Handley was authorized to act on AGCO Corporation's behalf.

Finally, we find that the complaint fails to state a claim for constructive fraud, "the concealment of material facts which one is bound under the circumstances to disclose."[25] "[S]ilence as to a material fact is not necessarily, as a matter of law, equivalent to a false representation; there must have been an obligation to speak."[26] First's allegations regarding AGCO Corporation, AGCO Services, and AGCO Finance do not explain why they were "obligat[ed] to speak."[27] Vague references to a "duty to disclose," offered without a showing of the contours or basis of this duty, are insufficient to demonstrate the "peculiar circumstances" requiring a party to disclose particular facts.[28] First failed to state a claim of actual or constructive fraud against AGCO Corporation, AGCO Service, or AGCO Finance.

---

[25] *Bankers Tr. Co. v. Brown*, 2005 OK Civ. App. 1, ¶ 14, 107 P.3d 609, 613 (citation omitted); *Sutton*, 2020 OK ¶ 14, 475 P.3d at 854 ("In other words, the facts concealed must be such as in fair dealing, the one party has a right to expect to be disclosed, and such as the other party is bound to disclose.") (citation omitted); *Barry v. Orahood*, 1942 OK 419, 132 P.2d 645, 648 ("In order that suppression of the truth may constitute fraud, there must be a suppression of facts which one party is under a legal or equitable obligation to communicate to the other and which the other party is entitled to have communicated to him.") (citing 23 Am. Jur., Fraud and Deceit, § 78)).

[26] *Silk v. Phillips Petroleum Co.*, 1988 OK 93, ¶ 33, 760 P.2d 174, 179.

[27] *Id.*

[28] *Sutton*, 2020 OK ¶ 14, 475 P.3d at 854 ("Where the peculiar circumstances give rise to a duty on the part of one of the parties to a contract to disclose material facts and the party remains silent to his or her benefit and to the other party's detriment, the failure to speak constitutes fraud.") (citation omitted); *see also Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (citation omitted).

**B.**

First further argues the district court erred by dismissing his fraud claims with prejudice instead of permitting First to amend his complaint. First did not seek leave to amend his complaint below and has forfeited this argument by raising it for the first time on appeal.[29]

In sum, we affirm the district court's dismissal of First's fraud claims against AGCO Corporation, AGCO Service, and AGCO Finance.

**V.**

The final question is whether the district court erred by granting summary judgment to AGCO Finance on the warranty claim. We find no error, as there was no genuine dispute as to whether Rolling Plains was AGCO Finance's agent.

**A.**

We review a grant of summary judgment de novo and "construe all facts and draw all reasonable inferences in the light most favorable to the non-moving party."[30] Summary judgment is appropriate where there is "no genuine dispute as to any material fact" and "the movant is entitled to judgment as a matter of law."[31] Grants of summary judgment may be affirmed for any reason raised to the district court and supported by the record, and we are not bound by the grounds articulated by the district court.[32]

---

[29] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[30] *Miller v. Michaels Stores, Inc.*, 98 F.4th 211, 215–16 (5th Cir. 2024) (citations omitted).

[31] Fed. R. Civ. P. 56.

[32] *Chevron U.S.A., Inc. v. Traillour Oil Co.*, 987 F.2d 1138, 1146 (5th Cir. 1993).

**B.**

Sellers establish an express warranty of description by making any "affirmation of fact or promise" to the buyer "which relates to the goods and becomes part of the basis of the bargain[.]"[33] First argued Rolling Plains created such a warranty when it described the Combine as having 438 hours. And First maintains AGCO Finance is liable for Rolling Plains's actions as Rolling Plains acted as AGCO Finance's agent in issuing the warranty.

Agency can be actual or apparent, and the "burden of proving the existence, nature and extent of the agency relationship rests ordinarily upon the party who asserts it."[34] Actual authority "is such authority as the principal knowingly permits the agent to assume or which he holds the agent out as possessing."[35] The essential question is whether the principal has the right to control the agent.[36] Apparent agency "results from a manifestation by the principal to a third person that another is his agent."[37] "[T]he third person must know the facts and, acting in good faith, have reason to believe, and also actually believe, the agent possessed that authority."[38]

---

[33] Okla. Stat. tit. 12A, § 2-313(1).

[34] *Enter. Mgmt. Consultants, Inc. v. State ex rel. Okla. Tax Comm'n*, 1988 OK 91, ¶ 5, 768 P.2d 359, 362 (citing *Coe v. Esau, Okl.*, 377 P.2d 815, 818 (1963)).

[35] *Stephens v. Yamaha Motor Co., Japan*, 1981 OK 42, ¶ 7, 627 P.2d 439, 441 (citing *Rosser-Moon Furniture Co. v. Okla. State Bank*, 135 P.2d 336 (1943)).

[36] *Murray Cnty. v. Homesales, Inc.*, 2014 OK 52, ¶ 15, 330 P.3d 519, 526–27 (citations omitted); *McGee v. Alexander*, 2001 OK 78, ¶ 29, 37 P.3d 800, 807 ("An essential element of an agency relationship is that the principal has some degree of control over the conduct and activities of the agent.").

[37] *Stephens*, OK 42, ¶ 8, 627 P.2d at 441 ("The existence of actual authority between principal and agent is not a prerequisite to establishing apparent authority.") (citations omitted); *Wheeler v. Puritan Ins. Co.*, 1986 OK 33, ¶ 12, 720 P.2d 729, 731.

[38] *Wheeler*, 1986 OK ¶ 12, 720 P.2d at 731.

## C.

First argues Rolling Plains had actual or apparent authority to represent ACGO Finance. We disagree.

First argues Rolling Plains had actual authority to represent AGCO Finance, as evinced by their "retail financing agreement." According to First, the retail financing agreement allowed Rolling Plains to submit credit applications on customers' behalf, inform AGCO Finance of the products' condition for financing purposes, and sign installment contracts. Of course, a contract may establish a principal-agent relationship so long as the "intent and effect of the contract language and the evidence of their actual conduct" demonstrates "actual control by the principal."[39] Fatally here, First did not provide the retail financing agreement or alternative summary judgment evidence establishing the requisite control. Without evidence that AGCO Finance controlled Rolling Plains's behavior, First did not present a genuine issue of material fact as to whether there was a principal-agent relationship.

Alternatively, First makes four arguments in support of his contention that Rolling Plains had *apparent* authority to act as AGCO Finance's agent. None persuade.

To begin, First asserts that Rolling Plains had apparent authority to bind AGCO Finance because Rolling Plains's employee, Rhonda Henry, handled the financing paperwork for purchases. This, First argues, led him to believe that Henry represented AGCO Finance. But this argument is contradicted by First's deposition testimony in which he admitted that he knew Henry worked for Rolling Plains, not AGCO Finance.

---

[39] *Enter. Mgmt. Consultants*, 1988 OK ¶ 6 n.12, 768 P.2d at 362; *see also Thornton v. Ford Motor Co.*, 2013 OK Civ. App. 7, ¶ 18, 297 P.3d 413, 419.

Second, First points to the "numerous instances where Rolling Plains acted for, and held itself out to be acting for, AGCO Finance." This argument steps past the settled premise that apparent authority "results from a manifestation *by the principal* to a third person that another is his agent."[40] First offered no such evidence; indeed, First testified during his deposition that he did not speak with AGCO Finance employees at any point before purchasing the Combine. The testimony further suggests that First understood AGCO Finance was only obligated to "finance the combine" under the Installment Contract, as opposed to extending a warranty.

Third, First argues the Installment Contract suggested apparent agency between Rolling Plains and AGCO Finance. Not so. The Installment Contract contained no warranty representations, and instead, AGCO Finance explicitly disavowed in the contract any such warranty.

Finally, First argues that Rolling Plains conflated the AGCO entities "such that Mr. First believed that all AGCO entities were the same." First's confusion may be understandable given that Defendants have similar names, but this misunderstanding is insufficient to create a genuine dispute of fact as to whether Rolling Plains acted with apparent authority.

Ultimately, the uncontroverted evidence presented at summary judgment showed that Rolling Plains lacked actual and apparent authority to bind AGCO Finance to its warranties. The district court properly granted summary judgment in AGCO Finance's favor.

---

[40] *Stephens*, OK 42, ¶ 8, 627 P.2d at 441; *Wheeler*, 1986 OK ¶ 12, 720 P.2d at 731 ("To establish that an agent has apparent authority to act, the principal must have manifested his consent to the exercise of such authority or have knowingly permitted the agent to act exercising that authority.").

## VI.

In conclusion, we VACATE the order granting Rolling Plains's motion for judgment as a matter of law and REMAND for retrial regarding the specific date that First's fraud claim accrued, an issue upon which Rolling Plains bears the burden of proof. We AFFIRM the district court's dismissal of First's fraud claims against Defendants AGCO Corporation, AGCO Service, and AGCO Finance. Finally, we AFFIRM the dismissal of First's breach of the warranty of description and failure of essential purpose claims against Defendant AGCO Finance.